GLADNEY, Judge.
This suit for benefits under the Employers’ Liability Act, LSA-R.S'. 23:1021 et seq., was brought by Eddie V. Pratt, Sr. for the use and benefit of his minor child, Eddie Vaughn Pratt, alleged to have suffered total and permanent disability while in the employ of the defendant, Townsend & Mantiply Construction Company. The latter’s insurer, Continental Casualty Company, is also made a respondent herein. Prior to trial Eddie Vaughn Pratt became of age and was interdicted. Eddie V. Pratt, Sr., the curator appointed and qualified in the proceedings, has been substituted as plaintiff.
The demands of the plaintiff were rejected by the trial court, and it is from the judgment of dismissal that this appeal is taken.
It is alleged that the employee pursuant to his duties on June 22, 1945, entered a large gas tank for the purpose of removing therefrom residual deposits of sludge and other matter; that certain noxious fumes were present and rendered him unconscious by the inhalation thereof, requiring his removal from the tank into the fresh air where he regained consciousness. It is further stated that he was ordered back into the tank and suffered the same ill effects which created an immediate condition of shock, nausea, and hysteria, and resulted in neurosis and psychosis.
It is conceded by respondents that Eddie Vaughn Pratt was employed by Townsend & Mantiply Construction Company on the date for the wages alleged, and that the former employee is presently suffering from mental illness of a permanent nature. Defendants aver, however, that Pratt did not suffer any accident as alleged, and deny there is causal connection between the employment and present mental condition. The decision in this case rests upon a determination of these issues, which counsel for plaintiff have correctly stated: (1) Did plaintiff in reality experience the incident of being overcome by noxious fumes as alleged? (2) If so, did the effect of the noxious fumes precipitate a condition which developed into the insanity from *377 which the plaintiff is presently suffering?
To establish the “personal injury by accident”, a prerequisite to recovery under LSA-R.S. 23:1031 of the Act, E. V. Pratt, Sr. and his wife testified that on the afternoon of June 22, 1945, their son came home complaining that he had been working in a gas tank, was hurt, and lay down and went to sleep. From this point on they noted such a change in his demeanor that Dr. Knoll of Bunkie was consulted and recognized mental illness. This occurred during July and thereafter the younger Pratt was treated by a number of physicians, including Drs. H. Randolph Uns-worth, C. L. Attaway, R. E. Dupre and Charles J. Aswell. The condition of the patient failed to improve and on April 24, 1950, the date of trial, Pratt was. confined in a mental institution. He was not capable of giving testimony in his case. Both parents seem confident that the employment was the precipitating incident creating and causing the insanity.
Eddie V. Pratt, Jr. worked only four days for his employer: June 18, 19, 21 and 22, 1945. During those days his fellow employees were Conan Harold, Earl Vidrine, Edwin Lambert, D. O. Aymond, David Brandaway and Joe Ferguson. The last two named could not be secured as witnesses and did not testify.
Harold testified as a witness for plaintiff as follows:
“Q. Did Pratt go into the tank? A. Yes, sir.
“Q. What happened to him? A. The first time he went into the tank he stayed just a second. Another man went into the tank; he raked out until he couldn’t stand it. Then he went in there and came right out. That’s all I know about it.
"Q. What condition was he in when he came out? A. Naturally, anybody is a little bit dizzy when you come out from the gas.
⅜ ⅝ ⅝ * * ⅝
“Q. After getting out the second time, was he taken out? A. I don’t know. We knocked off at that time and everybody went home.
“Q. What time was that? A. Five o’clock in the afternoon.
“Q. On June 22, 1945? A. Well, I don’t remember exactly what date, but I believe it was in 1945.”
Earl Vidrine, called by plaintiff, said that all of the tank cleaners were dizzy when they first came out of the tanks and described the manner in which the tanks were cleaned:
“Q. Mr. Vidrine, you clean the oil off oil tanks? A. Yes.
“Q. About how many? A. About fifty.
“Q. How long can a man stay in there when he goes in there ? A. Not too long, about a minute.
“Q. When he goes in there, in about a minute he has to get out into the fresh air? A. That’s right.
“Q. As I understand it, two men go into a tank and work a minute or -so. A. And one of them stays at the door.
“Q. And the man outside goes in and the man inside comes out? A. That’s right.
“Q. Did I understand, Mr. Vidrine, you don’t think anything in particular happened to this ¡boy? A. That’s right.
“Q. If he was dizzy, so were you? A. That’s right.
“Q. You don’t remember him falling out or anything like that ? A. No, sir.
“Q. Do you know of anyone having any permanent injury from that? A. No, sir.
“Q. Never hurt you after you got out into the air? A. That’s right.”
A similar description of the method of working was given by D. O. Aymond, another of the workers. This witness testified Pratt did not work in the tanks on June 21st and 22nd. His testimony is in accordance with the company records which show that Pratt worked during a four hour period in the tanks on June 19th only
*378 All of the witnesses denied that Pratt was unusually affected by his work during the four days he worked. The Workmen’s Compensation statute defines: “ ‘accident’ means an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury.” LSA-R.S'. 23:1021. It is not necessary that an occurrence produce immediate result in order to be termed an accident, since an occurrence of seemingly very slight importance might produce an unfortunate result, and if such occurrence was something which happened unexpectedly and not in the usual course of events, it might be termed an “accident”. Cook v. M. J. Walsh Boiler Scaling Company, Inc., La.App.1949, 40 So.2d 655.
The first physician to recognize Pratt’s mental condition was Dr. Knoll who is said to have observed him during July 1945. Dr. Unsworth, New Orleans psychiatrist, did not see the patient until February 1946, and later in November 1946. His testimony was influenced largely by evidence given •by the patient and his parents that Pratt was so overcome that he had to be removed from the gasoline tank, placed on a truck, and carried home either in a conscious or unconscious state. Since there was no substantiating evidence that Pratt was overcome by the inhalation of gas or fumes inside the tank and was removed therefrom, or that he suffered shock, nausea or hysteria, a major premise in plaintiff’s case falls and renders doubtful any conclusion the incident was the precipitating factor in the derangement. The testimony of Drs. Dupre, Attaway and Aswell was likewise based upon assumption the employee suffered an immediate condition of shock, nausea and hysteria, which cannot ¡be reconciled with evidence given by all of the co-workers who testified regarding Pratt’s brief work inside the tanks.
The subsequent illness of the employee was considered as a form of dementia praecox. The substance of the expert testimony is, with the exception of that of Dr. Milton Freeman, that an unusual experience of traumatic origin such as was described by the parents to1 the doctors could have and probably did precipitate the disability.
Dr. Freeman, in concluding that the case was one of dementia praecox or schizophrenia, testified the fact that the illness commenced at that particular time was purely coincidental. He said that dementia praecox comes on gradually, but it is natural for people to stress the last thing done with sanity and think it causes the condition.
From the foregoing consideration of the evidence -before us, it seems clear that the incident, which plaintiff alleges occurred on June 22, 1945, and precipitated the recent mental illness of the employee, has not been established 'by any evidence sufficient to infer an “accident” within the contemplation of the compensation act.
The judgment appealed from has, in our opinion, been correctly rendered, and it is accordingly affirmed.