HARDY, Judge.
This is a suit for compensation in which plaintiff seeks recovery for total, permanent disability from his employer’s insurance carrier. After trial there was judgment rejecting plaintiff’s demands as of nonsuit, from which he brings this appeal. Defendant has answered the appeal praying that plaintiff’s demands be rejected with prejudice.
While engaged in cutting pulpwood on a tract of land in Rapides Parish on March 30, 1954, plaintiff was struck on the head by a small tree which he was engaged in felling. A splinter of wood lodged in plaintiff’s right eye, allegedly causing the disability for which he seeks the award of compensation. Plaintiff was taken to Dr. Ben Fendler for examination and treatment and *844 the foreign body, located at a 5 o’clock position on the cornea of the right eye, was removed. According to the testimony of Dr. Fendler, on trial of the case, the splinter was rather deeply imbedded in the cornea at the edge of the pupillary area but did not penetrate the interior of the eye.
Plaintiff contends that as a result of the accidental injury he has suffered a loss of vision in his right eye which has resulted in total and permanent disability to do work of the same or a similar character as that which he was performing at the time of the accident. The defendant insurer asserts that plaintiff’s defective vision existed pri- or to the accident and was the result of a pigmentary degeneration of the fundus of both eyes, more pronounced in the right eye, and, further, that plaintiff has failed to establish the alleged disability.
The opinion of the medical experts, who testified on trial and by deposition, is in conflict. Drs. Fendler and Quantz, for defendant, advanced the opinion that the pig-mentary deterioration was the cause of plaintiff’s defective vision in his right eye, which was evaluated by examination to be 20-50; that this cause had existed for some considerable period of time and was not effected by the accidental injury. Both doctors acknowledged the existence of a residual scar on the cornea of plaintiff’s eye, but expressed the opinion that this defect had no relation to plaintiff’s defective vision. On the other hand, Dr. Dorf Bean, for plaintiff, was of the opinion that plaintiff’s loss of vision in the right eye could be attributable to the injury.
Under the circumstances of the serious conflict of opinion in the instant case we think it proper to give consideration to the lay testimony adduced. Plaintiff himself testified that he experienced no impairment of vision until after the accident; that pri- or to his injury his vision was normal, whereas since the accident he was definitely troubled by the impairment of the sight of the right eye and attempted to compensate the loss of vision by “squinting” the eye. Along this line plaintiff further testified that he could improve his sight by entirely blinding his right eye. All three of the medical experts observed and noted the strabismus or squint, but, since their examinations were made subsequent to the injury, they could not testify as to the duration of this affection. Examination of the testimony convinces us that plaintiff has successfully established by a preponderance of the evidence the fact that the squint did not exist prior to the accident and it can only be logically concluded that it developed as the result of plaintiff’s unconscious attempt to compensate for the loss of vision.
Our appreciation of the evidence adduced on trial leads us to the conclusion that plaintiff has succeeded in establishing the serious and permanent impairment of a physical function and is entitled to an award under the provisions of LSA-R.S. 23:1221 (4) (P).
In this connection we are further resolved that plaintiff has signally failed to establish his alleged permanent and total disability to do work of the same or similar character as that in which he was engaged at the time of the accident and thereby entitled him to an award under the provisions of the statute bearing upon total and permanent disability. The record is singularly free from any substantial evidence on this point and plaintiff himself testified that he believed he was able to cut “some” pulpwood but would be unable to obtain this nature of work because of his defective vision. Since the effect of this testimony of plaintiff himself negatives his contention of permanent total disability, it is obvious that compensation should not be awarded upon this basis. The record does not show that since the accident plaintiff has sought employment, nor that he has attempted to perform the same character of work.
We quite appreciate the position taken by our brother of the district court in rejecting plaintiff’s demands as of nonsuit upon the authority of the action taken by this court in Brown v. Mansfield Hardwood Lumber Co., La.App., 50 So.2d 116. Unquestionably the cited case is analogous to the extent that the facts as established in both cases were insufficient to justify a finding of permanent and total disability. However the distinction in the cases lies in the fact that *845 in the instant case we think the evidence preponderates in support of a finding of serious and permanent impairment of the physical function of plaintiff's right eye. It follows that plaintiff was entitled to relief under his alternative claim, and, in our opinion, the judgment refusing such relief was erroneous. We are reinforced in this conclusion by our opinion that no practical purpose would be served by a re-trial of the instant case. Counsel for defendant, in brief, has unequivocally declared that nothing can be gained by re-trial, and that all available testimony was introduced on original trial hereof. Counsel for plaintiff has impliedly acquiesced in this position by his failure to suggest either in argument or brief the possibility of additional evidence.
For the reasons assigned the judgment appealed from is annulled and set aside and it is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, Manuel Green, and against the defendant, Coal Operators Casualty Company, awarding plaintiff compensation at the rate of $28.50 per week for a period of 100 weeks from date of March 30, 1954, subject to credit for compensation already paid, with interest on past due installments at the legal rate, and for all costs.