LOTTINGER, Judge.
Petitioner filed suit for total and permanent disability under the Compensation Law of the State of Louisiana, LSA-R.S. 23:-1021 et seq., his claim being based upon the loss of his right eye while working for his employer, Virgil Bayham. The defendants are Virgil Bayham, the employer, and his compensation insurer, the Travelers Insurance Company. The Lower Court rendered judgment in favor of petitioner and against the insurer for compensation at the rate of $20.80 per week for total and permanent disability, said payments to commence April 14, 1953, and to continue for the duration of petitioner’s disability, not to exceed 400 weeks, with interest at the rate of 5% per annum on each past due weekly installment from date due until paid, subject to a credit of 100 weeks compensation paid during the weeks of April 14, 1953 to March 15, 1955, and for all costs. The .defendant has taken this appeal.
*532 There is no dispute that petitioner was involved in an accident on April 14, 1953, while working for Virgil Bayham in the Parish of West Baton Rouge, Louisiana. The accident resulted in the loss of petitioner’s right eye, and he was subsequently fitted with an artificial eye. The only dispute is regarding whether or not the loss of the right eye renders petitioner totally disabled to continue in his employment as a logger. It is the contention of petitioner that he is totally disabled to resume his said occupation, and that, therefore, he is entitled to compensation benefits for a period of 400 weeks, less a credit of what has been previously paid. Defendant, on the other hand, contends that petitioner was an unskilled laborer, that the loss of his eye does not render him disabled under the meaning of the Act, and that petitioner has already received 100 weeks of compensation which he was entitled to under the specific injury portion of the Act.
The facts disclose that at the time of the accident, the petitioner was working for the defendant, Virgil Bayham, as a logger. The petitioner had been so employed for a number of years prior to the accident. As a logger it was necessary for petitioner to use axes and saws in order to cut down trees and to trim the branches from the trees which had been cut down. Much of the work was done in swampy areas. There is no question but that the occupation is hazardous under the Compensation Act, both parties having admitted the hazardous nature of the work. Although petitioner claimed that at times it was necessary for him to climb the trees so as to trim branches therefrom, his employer testified that at no time did he require his loggers to climb trees; that the procedure was to cut the tree down and then to trim the branches from the tree. One of the witnesses for defendant, Mr. Hubert J. Bayham, who has a similar business to the defendant, stated that his work was similar to that of the defendant and that the men working for him were not required to climb trees. The witness, Hubert Bayham, testified that he had two one-eyed men working as loggers for him at certain times, and that these one-eyed men’s work was completely satisfactory.
Clarence Briggs, who was a witness for petitioner, testified that he worked as a logger for a period of a number of years. Briggs testified that he could hardly see anything with his left eye, and that, for all practical purposes, he could be classified as a one-eyed logger. Being a witness for petitioner, Briggs attempted to claim that the occupation of a logger was extremely dangerous for a one-eyed man, however, he testified that he did the work as good as men with both eyes for a period of approximately 15 years, during which period he was almost blind in his left eye, and he was required to wear glasses.
The record contains no medical testimony with regard to the amount of limitation of petitioner’s disability due to the loss of his eye. The only witnesses who testified on behalf of petitioner were his colored friends and co-employees, who testified that it would be extremely hazardous for a one-eyed individual to work as a logger. Some of these witnesses were so intent in testifying favorably for the petitioner that they made statements which were untrue and which they were required to contradict on cross examination. Although some of these witnesses testified that they would refuse to work on the same team as a one-eyed logger, many of them had worked with the witness, Clarence Briggs.
Subsequent to the injury of petitioner, he did not resume nor did he attempt to resume his prior occupation. Since his injury, he has done a little farming, has worked on a sugar cane plantation, and has worked with a gasoline filling station. There is no question but that prior to the accident the petitioner was a common unskilled laborer.
We fail to see why the petitioner would be unable to again work in his previous occupation if he so desired. The record establishes that the only thing required of him in his duties as a logger was to be able to use *533 an ax as well as a saw in the felling and trimming of trees. It was not necessary that he climb the trees. The defense showed that subsequent to the accident he had worked in the fields where he on occasion had used a cane knife which is very little different from the use of an ax.
In Green v. Coal Operators Casualty Company, La.App., 84 So.2d 843, the Court refused to find a pulpwood cutter completely disabled as a result of the loss of an eye. The occupation of cutting pulpwood is strikingly similar to that of a logger.
The petitioner relies heavily upon the recent case of Trahan v. Louisiana State Rice Milling Company, La.App., 100 So.2d 914, where we found a machine oiler totally disabled as a result of the loss of an eye. In that case, however, we classed the oiler as a semi-skilled laborer, and the record disclosed that he was required to work within very close proximity to heavy moving machinery, which would be very hazardous to a normal person and much more so to a person who was handicapped by the loss of an eye. Furthermore, in the Trahan case, the petitioner was required to perform parts of his duties as an oiler while walking along a narrow elevated catwalk, and all doctors who testified stated that they would not recommend that the petitioner continue in his previous employment.
The facts of the present case are altogether different than those of the Trahan case. In the present case, the record shows that there was no skill whatsoever to the duties performed by petitioner prior to his injury. The only duties of petitioner were to cut and trim trees which he did by the use of an ax and saw. He was not required to climb trees. The record discloses that he and one other employee would engage in the cutting and trimming of a tree and that all other crews would be operating such a distance away that they did not have to worry about trees that were being cut by the other crews falling upon them. Furthermore, the evidence shows that, since the accident, the trees are cut by means of power saws and that axes are no longer used in this occupation.
We feel that the petitioner fell short in proving his case by a preponderance of the evidence. All of the testimony in favor of petitioner was given by his friends or fellow workers who were all interested in helping him recover judgment. These fellow workers, in at least some instances, stretched their testimony to such an extent as to cast doubt on the remainder of their testimony.
For the reasons hereinabove assigned, we find that the Lower Court erred in awarding judgment as for total and permanent disability, and we find that the petitioner was only entitled to compensation for a period of 100 weeks under the specific injury portion of the Louisiana Compensation Act. The record discloses that petitioner has already received all that he is entitled to, and the judgment of the Lower Court will be reversed, all costs of this appeal to be paid by petitioner.
Judgment reversed.