CULPEPPER, Judge.
Plaintiff, a former member of the Lake Charles Fire Department, applied for a disability pension. Defendant board denied the application. Plaintiff then filed this suit for review by the courts of the board's decision. The district judge ordered the board to pay the pension. Defendant appealed.
Act 186 of 1944 as amended, entitled the Firemen’s Pension and Relief Fund Law for the City of Lake Charles, provides in pertinent part:
“SECTION 13: Pensions and benefits, payable out of said Funds shall be as follows:
“(1) If a member of the Fire Department becomes disabled for service therein for causes not arising or developing directly from his employment in the said Fire Department, and for which he is therefore unable to collect compensation under the Workmen’s Compensation Laws of Louisiana, said fireman shall, upon being found so disabled by the Board of Directors, be *198 paid monthly so long as such disability shall continue.”
The substantial issue is whether the board abused its discretion in finding: (1) Plaintiff is not disabled. (2) Even if he is disabled he is not entitled to a pension because he can collect workmen’s compensation.
The general facts show that plaintiff joined the Lake Charles Fire Department in 1948 and, over the years, attained the rank of captain. On May 23, 1961 he was granted sick leave on the basis of a report by Dr. Ernest C. Miller, a psychiatrist, that he was suffering from a mental illness which disabled him from performing his duties as a fireman. Shortly before his maximum sick leave of one year expired, plaintiff filed an application with defendant board for a disability pension beginning as of May 23, 1962. At a meeting held on July 13, 1962, the board considered the reports of Dr. Miller, plaintiff’s attending psychiatrist, as well as the reports of Dr. John L. Otto, of the John Sealy Plospital in Galveston, Texas, and, according to the official minutes of the meeting, found these medical reports conflicting and insufficient to show that plaintiff was disabled from performing his duties as a fireman. Furthermore, according to the board’s official minutes it found that “ * * * we could not legally pay any disability pension as long as applicant is entitled to collect workmen’s compensation. * * * ”
Thereafter, on May 21, 1963, plaintiff filed this suit for review of the board’s decision and writ of mandamus ordering the payment of the pension. Without objection by either plaintiff or defendant, the matter was heard in the district court as a trial de novo, beginning November 26, 1963. The new evidence introduced by plaintiff consisted principally of his own testimony and that of Dr. Gilíes R. Morin, a psychiatrist, who examined plaintiff after the board’s decision, and who expressed the opinion that plaintiff is presently suffering from a mental condition which disables him from working as a fireman. Defendant’s new evidence heard at the trial de novo consisted mainly of the testimony of fellow workers, who opined that plaintiff did not appear to be disabled, and the testimony of one of the defendant board members that he thought the board made no definite finding as to plaintiff’s disability but concluded that, in any event, any such disability was caused by his employment and he was therefore entitled to workmen’s compensation rather than a pension.
The district judge has correctly stated the established general rules for court review of decisions of administrative bodies as follows:
“According to the Supreme Court in State [ex rel. Rathe] v. Jefferson Parish School Board, 206 La. 317, 19 So. 2d 153:
“ ‘It is indisputable that the jurisprudence of this State is settled beyond doubt that where a statute creates a Board and grants to it certain administrative and executive functions and responsibilities, the courts will not interfere with the bona fide judgment of the Board based upon substantial evidence. It is only where the complainant shows there has been an invasion of his rights by the Board exceeding its powers or doing him an injustice that the courts have set aside the actions of the Board.’ (Page 167-8)
“It is clear that a court will not and cannot substitute its judgment for that of an administrative tribunal in a matter that the law leaves to the discretion of such administrative agency in the absence of arbitrary, capricious or gross abuse of discretion. State [ex rel. Magnolia Park] v. Louisiana State Racing Commission, 231 La. 720, 92 So.2d 699.”
At the outset, we find it unnecessary to decide whether the trial de novo in the district court was a proper procedure. We have concluded that even considered *199 solely on the basis of the evidence which was before the board, there was no substantial evidence to support the board’s denial of a pension.
The board had before it two issues: (1) Was the plaintiff disabled for service as a member of the Fire Department? (2) Did the causes of any such disability arise out of his employment as a fireman in such manner that he was entitled to workmen’s compensation, in which event he would not be entitled to a pension.
On the disability issue the record shows that the board had before it the reports of Dr. Ernest C. Miller, a psychiatrist, expressing the opinion that Captain Peshoff was suffering from a genuine mental illness “ * * * which is deep seated and will never completely resolve, an illness which in my opinion, renders him incapable of organized effort as a fireman and which, indeed, would render him a hazard to those working with him in such capacity.” The court also had before it the opinion of Dr. John L. Otto, a psychiatrist, to which was attached a psychological evaluation. Dr. Otto expressed the opinion: “It is doubtful in my mind whether he will ever be willing to return to his job as a fireman, although from an emotional standpoint, I think that after he finally recovers from his depression, he would be able to do this work again, except for his own determination to go into a different line of endeavor.” Thus, both of these expert psychiatric opinions expressed the view that plaintiff was disabled as a result of a mental condition. Dr. Otto did not say that plaintiff could return to work. He said only that if plaintiff “finally recovers from his depression” he would be able to return to work. The record does not show that the board had before it any contrary evidence. Therefore, there was no substantial evidence to support a finding by the board that plaintiff was not disabled.
On the second issue for determination by the board, i. e., whether the causes of plaintiff’s disability arose out of his employment in such a manner that he was entitled to workmen’s compensation, these same expert medical reports, in giving the history of plaintiff’s mental condition, show that the condition developed gradually over a period of years and made no mention whatever of any contributing accident or injury which occurred during the course of his employment. Plaintiff had a “depressive illness” manifested by excessive fears of heights, electricity, storms, explosions, etc. and feelings of cowardice, inadequacy, guilt, frustration, etc. There was no accident or injury.
Under the provisions of our Workmen’s Compensation Act, LSA-R.S. 23:1031,' an employee is entitled to benefits only if he receives personal injury by accident arising in the course of his employment. LSA-R.S. 23:1021(1) defines an accident as “an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury.” By this definition, some particular precipitating incident or incidents at work must have caused or accelerated the development of the disability; and the present record does not show that any precipitating event or events at work caused “personal injury by accident”, LSA-R.S. 23:1031, so as to have constituted the present claimant’s disability the result of an “accident” within the meaning of the statute. Circello v. Haas & Haynie Corp., 116 So.2d 144 (La.App. 1 Cir. 1959); Pratt v. Townsend & Montiply Const. Co., 59 So.2d 376 (La.App. 2 Cir. 1952); Wynn v. Standard Roofing Co., 154 So. 668 (La.App. 1 Cir., 1934); Malone, Louisiana Workmen’s Compensation Law and Practice (1951), Sections 212 (p. 257) and 215 (p. 268).
However, defendant contends that even though the evidence before the board showed no accident, the burden was on the plaintiff to present evidence to the board that he had made a reasonable, but unsuccessful, attempt to collect workmen’s compensation. While we recognize the general *200 rule that in administrative proceedings an applicant for benefits has the burden of proving his qualifications, (See 73 C.J.S. Public Administrative Bodies and Procedure § 124, p. 444) we do not find in the statute under consideration here any requirement that the applicant be denied workmen’s compensation by his employer, or that he first file suit and have an adverse judicial determination of the compensation issue, before applying to the board for a pension. For purposes of determining whether or not plaintiff was entitled to a pension, the board was authorized by statute to receive evidence and decide whether plaintiff was able to collect workmen’s compensation. There is no requirement as to any particular kind of evidence. And, of course, the board’s finding on the compensation issue is not a judicial determination as between the plaintiff and his employer.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.