328 So.2d 798 (1976)
Edison A. CAMPANELLA
v.
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS et al.
No. 10608.
Court of Appeal of Louisiana, First Circuit.
March 1, 1976.
*799 Dennis A. Pennington, Baton Rouge, for appellant.
Arthur J. O'Keefe, New Orleans, for Houston General Ins. Co.
William J. Goliwas, New Orleans, for State Highway Dept.
Before LANDRY, COVINGTON and PONDER, JJ.
PONDER, Judge.
This is a suit under the Workmen's Compensation Act. The plaintiff, Edison A. Campanella, was injured in the course and scope of his employment on July 12, 1973, when he slipped and fell while crossing a bridge being dismantled. As a result of the accident he suffered 15 to 20% permanent disability to his left arm. Plaintiff was paid compensation for forty-one weeks at the rate of $50.99 per week, plus $1,191.65 in medical expenses.
Plaintiff brought this suit seeking recovery of maximum compensation benefits based on the allegation that he is totally and permanently disabled and that his wages at the time of injury were such that sixty-five per centum thereof exceeded $65.00 per week. Defendants are the State of Louisiana, through the Department of Highways, and its insurer, Houston General Insurance Company.
The trial court, with oral reasons for judgment, found in favor of defendants, rejecting plaintiff's demands and dismissing his suit. The plaintiff has appealed seeking a reversal of that judgment or alternatively holding defendants liable for statutory penalties because of their alleged erroneous computation of plaintiff's weekly salary.
At the time of the accident plaintiff admittedly was a part-time summer employee of the Highway Department, assigned the duties of a rodman. It was stipulated that the accident occurred while plaintiff was acting in the course and scope of his employment.
The issues presented by this appeal are as follows:
(1) Is plaintiff totally and permanently disabled within the terms of Workmen's Compensation law?
(2) Were defendants arbitrary and capricious in computing plaintiff's weekly compensation benefits at a rate of $50.00 per week based on an average weekly wage of $78.46?
The treating physician, Dr. Thomas Campanella, an orthopedic surgeon and plaintiff's uncle, saw plaintiff on the day of the accident at Our Lady of the Lake Hospital. Examination revealed "a severe *800 laceration of the forearm with damage to the vascular bundle." The wound was cleaned of debris and torn veins and nerves were repaired. The ulnar and median nerves were not cut. Plaintiff was discharged from the hospital within three or four days of the accident.
Dr. Campanella saw plaintiff again on March 5, 1974. At that time plaintiff was told to go back to work. Dr. Campanella estimated plaintiff's disability as 20% loss of use of the left arm. Plaintiff is right-handed.
Plaintiff's uncle saw him again October 17, 1974. Plaintiff was having some difficulty with weakness of his wrist and hand grip and soreness over the scar. This was attributed to atrophy from disuse. Dr. Campanella was still of the opinion that plaintiff was able to return to work, and in fact, this was his expert opinion the day of the trial.
On appeal, the plaintiff argues that Dr. Campanella was not apprised of the duties of a rodman, when he gave his expert opinion that his nephew could go back to work. The evidence is clearly to the contrary. That Dr. Campanella was fully aware that plaintiff had to do some heavy work is indicated by his testimony in the trial transcript, the pertinent part of which reads as follows:
"Q. Did Edison Campanella describe to you his duties as a rodman with the Louisiana State Department of Highways?
A. I know that he had to do some heavy work, and other than that, no, I do not know . . .
Q. Did he describe . . .
A. . . . specifically, you know, what he had to do in his job.
Q. Did he describe to you the, at times he was required to lift weights of forty to fifty pounds?
A. Yes."
Furthermore, plaintiff admitted upon cross-examination that he informed his uncle of the duties required by the Department of Highways.
"Q. In the course of the treatment rendered by Dr. Campanella to you, Edison, did you inform the doctor of your, of the duties required by your employment with the State of Louisiana, Department of Highways?
A. Yes, I did.
Q. You told him what what you had to do?
A. I told him what I had been doing."
Dr. Campanella's expert testimony that plaintiff could resume employment as a rodman is contradicted only by the testimony of plaintiff. The trial court evidently chose to believe the testimony of plaintiff's uncle. There is evidence in the record which, upon its reasonable evaluation of credibility, furnished a reasonable factual basis for the trial court's finding, and this court will not disturb the trial court's factual finding,[1] in the absence of manifest error. Canter v. Koehring Company, La., 283 So.2d 716. Therefore, the court will not set aside the trial court's finding that plaintiff is not totally and permanently disabled.
The jurisprudential principle of appellate review that the reviewing court must give great weight to factual conclusions of trier of fact, and where there is conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed, Canter v. Koehring Company, supra, is particularly applicable in the case at bar, where the trial court chose to believe undisputed expert medical testimony.
The plaintiff argues, in the alternative, that if the court finds that he has a permanent, *801 partial disability, as the court below found, then payment of the sum of $50.99 per week for forty-one weeks was not sufficient to discharge defendant-appellees' statutory obligation to plaintiff, in that said weekly payment was erroneously determined by using an average weekly wage of $78.46, instead of $85.00.
At trial he testified that he earned either $360.00 per month or $340.00 per month. It thus appears that it was established that plaintiff was making at least $340.00 per month or $85.00 per week, as computed under the statute.[2]
Using $85.00 per week as a base, it is clear that plaintiff was owed a total of $2,210.00 in workmen's compensation benefits in accordance with R.S. 23:1221 (4) (f) and (o). However, plaintiff was paid only $2,090.59 in workmen's compensation benefits. It is on this difference of $119.41 that plaintiff seeks statutory penalties and attorney's fees.
It is to be noted that the record does not indicate that the erroneous use of $78.46 as a weekly base was objected to by plaintiff in the court below, or at any time prior thereto. This issue was evidently first raised on this appeal. In view of this, together with the smallness of this weekly deficiency, the court is unwilling to equate an apparently good faith mathematical error with arbitrary and capricious action. Therefore, statutory penalties and attorney's fees are denied.
For these reasons assigned, the judgment appealed from is amended by allowing plaintiff an additional $119.41, and thus amended, the judgment appealed from is affirmed.
Defendant-appellee to pay all costs of this appeal.
Amended, and as amended, affirmed.
NOTES
[1] In a workmen's compensation proceeding, the question of disability is one of fact. Franklin v. Cashio, 111 So.2d 536 (La.App.1st Cir.1959).
[2] R.S. 23:1021(7) "Wages" means weekly wage at the time of the accident. The average weekly wage shall be determined as follows: "(b) If the employee is paid on a monthly basis, his monthly salary divided by four;"