DECUIR, Judge.
Juana Frantz appeals the judgment of the Office of Workers’ Compensation dismissing her claim for TTD benefits.
Plaintiff alleges that she injured her back during the course of her employment with Southern Scrap Material Co., Inc. on October 12, 1995, while attempting to lift a steel bar. She was seen on the date of the accident by Dr. John Stafford who diagnosed a lumbar strain and released her to “regular work” the next morning. Dr. Stafford saw Ms. Frantz again on October 18, 1995, at which time he reported near normal range of motion and “patient sits without any problems and moves about normally.” On this visit, Frantz also complained of pain in the right arm. Dr. Stafford placed her on light-duty work for five days. On October 23, 1995, an examination by Dr. Stafford was again within normal limits. He continued her on light-duty work status. On November 6, 1995, Dr. Stafford’s examination was againjjjwithin normal limits and his diagnosis was “objective lumbar strain.” He recommended continued “light duty to regular work” and physical therapy for back strengthening. On November 14, 1995, Ms. Frantz advised Dr. Stafford that she had reinjured her back that day by lifting a can at work. Dr. Stafford recommended no regular work for one week and continued physical therapy. Because of plaintiff’s continued complaints, on November 21, 1995, Dr. Stafford recommended referral to an orthopedist.
Plaintiff was subsequently treated by Dr. Michel Heard, an orthopedist. Dr. Heard recommended several diagnostic procedures, including a CT scan performed on December 13, 1995, an MRI performed on December 27, 1995, a bone scan on May 21, 1996, and a myelogram and post-myelogram CT scan on September 17, 1996. All of the diagnostic procedures revealed negative findings, and Dr. Heard continued Frantz on a no-work status based solely upon her subjective complaints. We note that Dr. Heard recommends no surgery and no further diagnostic testing.
Plaintiff also underwent physical therapy pursuant to Dr. Heard’s recommendations until therapy was denied in April 1996. The record reveals that in March of 1996, Southern Scrap offered Ms. Frantz light-duty employment approved by Dr. Heard, earning *752 pre-injury wages. Plaintiff worked for only a few hours, stating that she could not perform the work, at which time TTD benefits were terminated for a period of six weeks. After plaintiffs alleged attempt to return to light-duty employment, Dr. Heard returned her to a no-work status, at which time TTD benefits were reinstated through the time of trial. Thus, TTD benefits at the rate of $183.38 a week were commenced on November 20, 1995, and, except for a six-week period, continued through the date of trial on June 23, 1997.
|3The workers’ compensation judge found that the plaintiff was not entitled to TTD or “any category” of benefits after March 1996, and that defendant was not arbitrary and capricious in refusing to authorize additional physical therapy nor in handling plaintiffs claim. The workers’ compensation judge refused to address the issue regarding average weekly wage raised by plaintiff for the first time in post-trial memorandum. Additionally, plaintiffs claim for damages and attorney’s fees for defendant’s alleged violation of La.R.S. 23:1127(B) involving the release of medical records was denied and dismissed. The workers’ compensation judge awarded plaintiff and her attorney a penalty of $250.00 for defendant’s failure to provide medical records pursuant to La.R.S. 23:1125.
Plaintiff contends on appeal that the trial court erred: (1) in finding that plaintiff was not entitled to benefits after March 1996; (2) in finding that plaintiff was not entitled to medical treatment, including physical therapy; (3) in finding that defendant was not arbitrary and capricious for failing to provide medical and compensation benefits and in failing to award penalties and attorney’s fees; (4) in failing to rule on plaintiffs average weekly wage and proper compensation rate; (5) in refusing to allow records of F.A. Richard & Associates into evidence; and (6) in failing to award attorney’s fees under La. R.S. 23:1125.
The factual findings of a workers’ compensation judge in a workers’ compensation case are reviewed under the manifest error standard of review. Bruno v. Harbert Int’l Inc., 593 So.2d 357 (La.1992); Comeaux v. Sam Broussard Trucking, 94-1631 (La.App. 3 Cir. 5/31/95); 657 So.2d 449. A claimant must prove by clear and convincing evidence his entitlement to temporary total disability benefits. La.R.S. 23:1221(l)(c). The claimant must introduce objective medical evidence to [ 4carry the burden of proving disability by clear and convincing evidence. Comeaux, 657 So.2d 449.
The workers’ compensation judge concluded that due to the lack of objective medical evidence of plaintiffs disability, she failed to sustain the clear and convincing standard of proof required. The workers’ compensation judge further found that SEB benefits were also not warranted because plaintiff was offered a job earning pre-injury wages which she claimed she could not perform. The workers’ compensation judge found that plaintiffs testimony was “less than credible” in this regard. Furthermore, the workers’ compensation judge noted that by March 1996, the defendant had authorized approximately forty-two physical therapy sessions despite the lack of objective medical evidence and concluded that defendant was not arbitrary and capricious in failing to authorize additional therapy sessions. Our review of the record reveals a reasonable factual basis for the findings of the workers’ compensation judge and these findings are not manifestly erroneous. Likewise, the findings of the workers’ compensation judge that Southern Scrap was not arbitrary and capricious in handling plaintiffs claim is not manifestly erroneous.
Plaintiff also contends that it was an error for the workers’ compensation judge to refuse to rule on the issue of average weekly wage and the proper compensation rate, and that she is entitled to penalties and attorney’s fees for defendant’s failure to pay the proper amount of benefits. This issue was not raised prior to trial nor at the time of trial, and there being no testimony presented regarding this issue, the workers’ compensation judge refused to address it. However, the payroll records were introduced into the record. These records reflect the proper rate of compensation to be $196.36 per week instead of the $183.38 weekly amount she received. Thus, the |splaintiff is entitled to *753 an additional $13.08 per week for the weeks that she was paid compensation benefits.
A miscalculation of benefits does not automatically equate to an award of penalties and attorney’s fees. See Campanella v. State, Dept. of Highways, 328 So.2d 798 (La.App. 1 Cir.1976). There is no evidence in the record to support a finding of arbitrary and capricious behavior on the part of defendant in the calculation of benefits. Thus, plaintiff is not entitled to penalties and attorney’s fees for the failure to pay the proper rate of weekly benefits.
Plaintiffs assignment that it was error for the workers’ compensation judge to refuse to allow into evidence the records of the adjusting company handling the plaintiffs claim on behalf of the defendant also lacks merit. These records were ruled inadmissible on the grounds that the records constitute hearsay evidence. We find no error in this ruling.
Finally, plaintiff contends that the workers’ compensation judge erred in failing to award reasonable attorney’s fees for defendant’s failure to provide medical records within thirty days after written request therefor pursuant to La.R.S. 23:1125. Although the workers’ compensation judge awarded $250.00 in penalties, she did not award reasonable attorney’s fees. The statute provides for a civil penalty in the amount of $250.00, “plus a reasonable attorney’s fee for the collection of such penalty.” We conclude that an attorney’s fee in the amount of $250.00 is reasonable under the facts and circumstances of this case and amend the judgment to reflect this award.
The judgment of the Office of Workers’ Compensation is amended to award $250.00 in attorney’s fees for defendant’s violation of La.R.S. 23:1125. The judgment is further amended to award plaintiff $13.08 per week for the weeks she | (¡received compensation benefits. The judgment is affirmed in all other respects. Costs of appeal are assessed to plaintiff-appellant.
AFFIRMED AS AMENDED.
WOODARD, J., concurs in part and dissents in part and assigns reasons.