LDECUIR, Judge.
Janelle Touchet, the claimant in this workers’ compensation suit, filed the instant appeal, contesting the decision of the hearing officer. The employer, Murphco of Florida, Inc. (incorrectly referred to in the caption of this suit as “Murphes”), and its insurer, Fireman’s Fund Insurance Company, answered the appeal. Both sides have raised several issues for our review. We amend in part and, as amended, affirm.
Touchet was employed as a housekeeper at the Jennings Holiday Inn, which is owned by Murphco. Touchet contends that she injured her back on November 1, 1999, while cleaning one of the rooms in the hotel. As she was making the bed in the room, she felt a pulling sensation in her shoulder. Touchet continued working that day, but she sought emergency medical treatment on the following day. On November 9, Murphco referred her to Dr. Mark Clawson, a general practitioner in Jennings.
Dr. Clawson’s office notes for November 9 indicate that Touchet complained initially of right shoulder and lower back pain. He found evidence of muscle spasm and prescribed medication and physical therapy. Touchet continued seeing Dr. Clawson for several weeks, and in late December, he ordered diagnostic testing. Before the testing was done, however, Dr. Clawson released Touchet to light duty work and specifically approved a position Murphco offered to her as a hostess for the Holiday Inn restaurant. Dr. Clawson noted that he had spoken to a Murphco representative about the position; he believed the position would fit within the light duty restrictions he imposed.
Subsequently, Touchet submitted to the testing ordered by Dr. Clawson. X-rays, two MRIs, and a CT scan were done. Mild to moderate degenerative changes with spurring were revealed. A moderate disc herniation at the L5-S1 level was noted, but no significant impingements on the nerve roots were shown. Dr. Clawson | ¡.discussed the test results with Touchet. While she was still complaining of pain in mid-January, he felt she could perform light duty work. He noted that she declined the light duty position offered to her because her attorney told her she should not go back to work.
Murphco then discontinued workers’ compensation benefits, and this suit followed. At some point prior to filing suit, Touchet requested approval from the employer to see an orthopedic surgeon, Dr. Dale Bernauer. In February, Touchet changed attorneys, and when suit was filed, her new counsel requested approval for Touchet to see Dr. John Cobb, also an orthopedic surgeon. The parties eventually agreed in a stipulated judgment that Touchet would see Dr. Cobb, but due to canceled appointments, and possibly also due to Touchet’s writ application to this court concerning that stipulated judgment, she did not see Dr. Cobb until March 26, 2001. He diagnosed a disc herniation and recommended a fusion of the L5-S1 level. The surgery was not approved by the insurer, and Touchet has not seen Dr. Cobb again.
The insurer then sent Touchet to see Dr. Gregory Gidman. Dr. Gidman agreed *370 that the previous MRIs. showed a herniation at the L5-S1 level, but he described the herniation as small and did not believe there was any resulting nerve root compression. He recommended further tests, home and physical therapy, exercise, and weight loss.
The case then proceeded to trial. The court determined that Touchet was injured in the course and scope of her employment with Holiday Inn and was entitled to benefits from the time of injury until released by Dr. Clawson, with benefits to be reinstated from the date of Dr. Cobb’s diagnosis. The court noted that Touchet did not respond to the employer's offer of light duty employment in January 2000. The record also shows that Touchet did not seek further medical care (except for one [¡¡emergency room visit in August 2000) or continue with therapy until she saw Dr. Cobb in March 2001. Judgment was rendered in Touchet’s favor awarding benefits from November 1, 1999 through December 27, 1999, and from March 26, 2001 until a court appointed independent medical examination is conducted, with further benefits to be determined later. The court declined to find the employer and insurer arbitrary and capricious in the handling of this claim, but did assess a statutory $250.00 penalty for the employer’s failure to provide Touchet with a copy of Dr. Clawson’s report within thirty days of her requesting same. The court denied the employer and insurer’s motion for sanctions against Touchet for reissuing subpoenas which had previously been quashed by the court.
In this appeal, Touchet contends the hearing officer erred in failing to award benefits for the period between Dr. Clawson’s release and Dr. Cobb’s assessment. We disagree. There is medical evidence showing that Touchet could perform light duty work during this time, yet she made no attempt to work and there is no contrary medical evidence indicating she could not work.
We also find no merit to Touchet’s contention that penalties and attorney’s fees should be awarded due to the “defendant’s numerous violations of the Workers’ Compensation Act.” Touchet first complains of the insurer’s failure to guarantee medical treatment, suggesting that she had three appointments with Dr. Bernauer, all of which had to be canceled because the insurer would not approve the visit. The only evidence of this is Touchet’s self-serving testimony which the hearing officer found unconvincing. There is no evidence of when Touchet may have first requested to see Dr. Bernauer, but she had diagnostic testing with Dr. Clawson in January of 2000, and her new attorney requested approval to see Dr. Cobb on February 4, 2000. The delay in seeing Dr. Cobb is likewise undocumented. Dr. Cobb’s office record |4shows that Touchet canceled one appointment and the insurer canceled a second appointment before she finally saw him in March 2001. We do not find these facts demonstrate an arbitrary refusal to guarantee medical treatment.
Touchet further contends the defendants violated the compensation act by failing to pay medical bills and failing to properly pay weekly benefits. The record shows that weekly benefits were paid until Dr. Clawson released Touchet to return to work. The hearing officer did not fault the defendants for failing to resume the payment of benefits upon Dr. Cobb’s evaluation because of the conflicting medical evidence available at that time. We find no error in this conclusion.
Concerning the medical bills, Tou-chet argues the hearing officer should have ordered the defendants to pay all outstanding medical bills in the judgment ren *371 dered in Touchet’s favor. Specifically, Touchet lists five bills which she contends have not been paid. One of those bills is a $108.00 charge from Dr. Cobb, which Plaintiffs Exhibit # 1 shows conclusively was paid by Fireman’s Fund. The defendants suggest that Touchet has the burden of proving the bills have-not been paid, while Touchet argues that payment is an affirmative defense that must be proved by the defendants.
Our review of the record indicates the payment of medical bills was technically at issue based on the pleadings. However, it is also apparent that neither the court nor opposing counsel regarded the payment of medical bills to be at issue at the hearing. While a handful of bills were introduced into evidence, no evidence was adduced on the question of whether those bills remain outstanding. Therefore, we will amend the hearing officer’s judgment to order the payment of the only three bills which are evidenced in the record (American 'Legion Hospital’s ehargé of $141.60, Thrifty Way Pharmacy’s list of prescriptions in the amount of $355.99, and The Schumacher Group’s $155.00 fee), if and only if those bills have not already been paid by the | ^defendants. We will remand this matter for the limited purpose of presenting evidence on this issue in the event the attorneys are unable to agree on whether these bills have been paid.
Finally, Touchet asserts the defendants violated the compensation act by failing to provide medical reports within thirty days of her request for same and by secretly discussing her medical treatment with a treating physician, violations of. La. R.S. 23:1125 and 23:1127, respectively. While we find no evidence in the record indicating that the defendants violated Section 1127, we affirm the hearing officer’s finding concerning Section 1125. The hearing officer awarded the statutory penalty of $250.00 for the defendant’s delay in providing the medical report, but Touchet contends that she is also entitled to attorney’s fees under the statute. We agree. Section 1125 specifically states that attorney’s fees shall be awarded, although in this case the report does not appear to have been the subject of any pleadings or court proceedings and was produced, albeit delinquently, in response to counsel’s one written request. The record contains no evidence of further requests. Accordingly, we award $250.00 in legal fees for the violation of Section 1125. See Frantz v. Southern Scrap Material Co., 97-1581 (La. App. 3 Cir. 4/22/98), 714 So.2d 750, writ denied, 98-2126 (La.11/13/98), 730 So.2d 937.
In their answer to the appeal, the defendants raise several issues. First, they contend the hearing officer erred in finding that Touchet sustained a work related injury. They argue the evidence was insufficient to prove that an accident occurred; they point out that co-workers did not verify Touchet’s story and no one, not even Touchet’s family, corroborated her testimony. The hearing officer made a factual finding that a compensable injury occurred, and we will not disturb that finding in the absence of manifest error: Our review of the medical evidence, including histories |fiand reports, and the plaintiffs testimony, reveals no manifest error in the factual conclusion that a work related accident occurred. Accordingly, Touchet was entitled to compensation benefits as a result of her injury, and the hearing officer properly awarded same.
The defendants next contend the hearing officer erred in reinstating benefits upon Dr. Cobb’s diagnosis of a herniated disc and surgery recommendation. We disagree. Dr. Cobb examined Touchet and considered two sets of diagnostic films in reaching his conclusion that Touchet *372 was unable to work at the time he saw her. Dr. Gidman, the defendants’ doctor, agreed with the objective diagnosis of a herniated disc, but he opined that alternatives to surgery were available. Given this evidence, we find no error in the hearing officer’s conclusion that Touchet was entitled to have benefits reinstated.
The remaining issues raised by the defendants are likewise governed by the manifest error standard of review. The hearing officer determined that Touehet’s counsel should not be sanctioned for sending out additional subpoenas to the out-of-state custodian of records for Fireman’s Fund and Murphco when previously issued identical subpoenas had been quashed pursuant to a protective order. In denying the request for sanctions, the hearing officer stated, “Claimant’s explanation for reissuing the subpoenas [is] plausible and accepted by the court as reasonable.” The explanation presented to the court was that counsel was unsure whether a company representative would attend the trial, but if one did, he wanted to be sure the records were brought to court. While another court may disagree with the reasonableness of counsel’s explanation, we do not find manifest error in the hearing officer’s factual evaluation and credibility determination in this instance. Similarly, we find no error [7in the factual conclusion that the defendants must be penalized under La.R.S. 28:1125 for their delinquency in responding to Touchet’s written request for medical reports.
For the foregoing reasons, the judgment of the hearing officer is amended to award Janelle Touchet $250.00 in attorney’s fees for the violation of La. R.S. 23:1125 and is further amended to order the payment of the three medical bills described herein, if those bills have not been previously paid by the defendants. The hearing officer is instructed to take evidence on the limited issue of medical bills should the need arise. In all other respects, the judgment of the hearing officer is affirmed. Costs of the appeal are assessed to the defendants.
AFFIRMED AS AMENDED.