The plaintiff herein, Max Peeke McCain, suffered the loss of his right eye by an accident which occurred while he was engaged in the performance of his duties as derrick man and during the course of his employment as such by the defendant, Fohs Oil Company, on February 22, 1939. He was paid compensation for 100 weeks and is now suing for 300 weeks additional, claiming that he is totally and permanently disabled, as a result of his injury, to do work of any reasonable character and therefore entitled to the maximum compensation of 400 weeks allowed under the Workmen's Compensation Statute, Act No. 20 of 1914. In addition he claims that he is entitled to recover $250 for medical and surgical expenses. The suit is directed against his employer, Fohs Oil Company, and its compensation insurance carrier, United States Fidelity and Guaranty Company.
In his petition plaintiff alleges that his duties required him to climb derricks to a height of as much as 150 feet, that he handle pipe and steel, do lightning-like shifting of machinery and other eye-straining work, all of which necessitates the constant use of vision of both eyes.
The sole issue that is now presented by the defense is that plaintiff has been paid *Page 198 
all compensation that was due him under the compensation statute for the loss of an eye, which is 100 weeks, as provided for under Section 8, Subsection 1, Subdivision d, Paragraph 9 of the statute. From a judgment sustaining the defendant's contention and dismissing his suit, plaintiff has taken and is prosecuting this appeal.
What the Court is concerned with principally in a case of this kind is the type of work the injured employee was performing at the time of the accident causing his injury, and, is that the only kind of work which, by virtue of his education, his status in life, his training and experience, he is able to do. If the type or kind of work is such that because of the loss of one eye he can no longer perform his duties or can only perform them with danger to himself, he is entitled to recover compensation for total, permanent disability under the general disability provision of the statute, Section 8, Subsection 1, Paragraph (b) of Act 20 of 1914, as amended by Act 242 of 1928. If, on the other hand, the work is of such character that it can be satisfactorily performed by him with the vision from the remaining eye, and without risk, he is entitled to recover compensation under the specific provisions of the act which limits the recovery to 100 weeks for the loss of an eye. Section 8, Subsection 1, Paragraph (d), Subparagraph (9) of Act 242 of 1928. In other words, for the loss of an eye, even though there be no resulting disability, the injured employee is ipso facto entitled, under the specific provisions of the Act, to 100 weeks compensation, which, in effect, is a sort of offset for what he might have recovered in a tort action, the right to pursue which he has been deprived of by the statute. But if the loss of the eye produces disability, he can recover compensation under the general provisions of the statute, during such disability, depending of course upon its nature and duration. The distinction herein made applies not only to the loss of or injury to an eye but to any of the various members of the body enumerated under Paragraph (d), Subsection 1, Section 8 of Act 242 of 1928. See Barr v. Davis Bros. Lumber Co., 183 La. 1013, 165 So. 185.
With these considerations before us the question that now arises in this case is what is the type or character of work the plaintiff herein performed as derrick man for the defendant, Fohs Oil Company, and is it such work that a man has to have vision in both eyes to be able to do it satisfactorily.
Briefly stated the duties of a derrick man require the climbing of derricks to heights of as much as 165 feet and also to work at great heights on a platform called a water table, handling and greasing tools and machinery, and also handling pipes which are lifted to him and kept in balance with long steel lines. Often he has to lean over to catch hold of these lines or pipes. He also has, at times, to be at various distances on the derrick handling the pipe which goes into the hole of the well that is being drilled as well as that which is being elevated to be put on the rack from which it is afterwards handled.
This of course, as shown by uncontradicted testimony, and as can readily be assumed, is work of a type which requires good judgment of distances and necessarily good and accurate vision. Dr. D.C. Iles, eye specialist, who is familiar with the duties to be performed by a derrick man on an oil rig, states that plaintiff cannot, without a lot of danger to himself and everybody else working on the rig, resume that kind of work in his present condition. Dr. Olin C. Moss, also specializing in eye work, and who also knows the duties of a derrick man, says that he would not recommend plaintiff for that type of work. Dr. Sam B. Lyons of Beaumont, Texas, specializing in the same line, called as a witness by the defendants, testifies that a derrick job is not the type of work a one-eyed man would ordinarily pick out. He examined plaintiff at the request of the defendants and it is significant that he states himself that he would not recommend him for that type of work, but would rather suggest some other type.
The testimony is undisputed that derrick work is the only kind the plaintiff is, by his status in life, his training and education, equipped for and his disability therefore cannot be confined to the loss of an eye. Under the interpretation given to the statute in drawing the distinction herein made between the general disability provisions and those relating to the loss of or injuries to specific members or organs of the body, we are bound to conclude that his disability is total and permanent and that he is entitled to recover on the basis of such disability under the act.
The district judge in limiting liability to the specific loss of an eye seems to have been influenced by the decisions in the cases *Page 199 
of Sparks v. Long Bell Lumber Company, La.App., 175 So. 134, Rochell v. Shreveport Grain Elevator Co., La.App., 188 So. 429, and Stanley v. Industrial Lumber Co., Inc., La.App., 193 So. 367.
In Sparks v. Long Bell Lumber Company it appears that the injured employee was engaged as and performed the duties of an edger man in a sawmill. He sustained an injury to his left eye resulting in its total loss. He contended that his right eye was partially affected also and it was because of the impairment of vision which had thus come about that he was unable to do work of any reasonable character and was therefore totally, permanently disabled. It was found that his right eye was not affected however and that his vision as far as that eye was concerned was perfectly normal. There is absolutely nothing in the opinion handed down by the Court to indicate what was the type of work he was engaged in and what his duties as edger man consisted of. If they were of a kind that required the use of good vision in both eyes, it is unfortunate that the facts relating thereto were not brought out and the case presented to the Court on that issue for we feel sure that the decree would have been for total, permanent disability, as we are holding in the case now before us.
In Rochell v. Shreveport Grain Elevator Co., the injured employee who lost his left eye was engaged as a common laborer. He sustained the injury while removing or unloading oats from a box car. It can well be assumed, we believe, that that type or kind of work does not require the vision of both eyes to be satisfactorily performed. As a matter of fact it was specifically held, as shown in the opinion of the Court, that the injured man was not totally disabled to do manual work because of the loss of that one eye.
In Stanley v. Industrial Lumber Company, Inc., et al. [193 So. 369], the principal issue involved does not seem to have been so much the extent of the resulting disability produced by the loss of the injured employee's vision in one eye as his right to recover from the defendant lumber company as well as from the defendant independent contractor who was his direct employer and who sold to the lumber company the stumps which the plaintiff was engaged in blasting. However the decree limiting recovery to 100 weeks was affirmed because it was found that plaintiff's ability to blast stumps was not permanently affected. "While his direct vision is affected," it was stated, "it does not appear that this would seriously affect his occupation of blasting stumps."
We find no proof in the record in the case before us to support the plaintiff's demand for $250 for medical and surgical expenses.
For the reasons stated it is now ordered that the judgment appealed from be and the same is now hereby set aside, annulled and reversed and it is further ordered that there be judgment herein in favor of the plaintiff and against both defendants, in solido, awarding him compensation at the rate of $20 per week for a period not to exceed 400 weeks, beginning February 22, 1939, with legal interest on each weekly payment from date of its maturity until paid, less the sum of $2,000 representing compensation already paid to him. It is further ordered that the defendants, appellees, pay all costs of this proceeding.