Plaintiff, while employed as a carpenter by the assured of defendant, accidentally injured his right eye, necessitating its removal. In this suit he seeks to recover compensation at $20 per week for a period of 400 weeks as total and permanent disability resulting from the injury and the removal of his right eye, even though his left eye in which he has normal vision was not involved in the accident or affected thereby. The defense to the suit is that plaintiff is not disabled to pursue his occupation as a carpenter.
From a judgment granting plaintiff compensation of $20 per week for 400 weeks, less compensation paid by defendant, defendant has appealed.
The sole issue before this court, as it was before the lower court, is whether or not plaintiff, because of the loss of an eye, can further pursue his occupation as a carpenter.
[1] The law controlling in such cases is clearly set out by us in the case of McCain v. Fohs Oil Co. et al., 6 So.2d 197, 198. In that case, we stated: "What the Court is concerned with principally in a case of this kind is the type of work the injured employee was performing at the time of the accident causing his injury, and, is that the only kind of work which, by virtue of his education, his status in life, his training and experience, he is able to do. If the type or kind of work is such that because of the loss of one eye he can no longer perform his duties or can only perform them with danger to himself, he is entitled to recover compensation for total, permanent disability under the general disability provision of the statute. Section 8, Subsection 1, Paragraph (b) of Act 20 of 1914, as amended by Act 242 of 1928. If, on the other hand, the work is of such character that it can be satisfactorily performed by *Page 630 
him with the vision from the remaining eye, and without risk, he is entitled to recover compensation under the specific provisions of the act which limits the recovery to 100 weeks for the loss of an eye. Section 8, Subsection 1, Paragraph (d), Subparagraph (9) of Act 242 of 1928. In other words, for the loss of an eye, even though there be no resulting disability, the injured employee is ipso facto entitled, under the specific provisions of the Act, to 100 weeks compensation, which, in effect, is a sort of offset for what he might have recovered in a tort action, the right to pursue which he has been deprived of by the statute. But if the loss of the eye produces disability, he can recover compensation under the general provisions of the statute, during such disability, depending of course upon its nature and duration. The distinction herein made applies not only to the loss of or injury to an eye but to any of the various members of the body enumerated under Paragraph (d), Subsection 1, Section 8 of Act 242 of 1928. See Barr v. Davis Bros. Lumber Co., 183 La. 1013, 165 So. 185."
In the case of Thompson v. Leach McClain, 11 So.2d 109, we affirmed our holding and stated that the jurisprudence was that the test of total disability was whether or not the employee could return to the duties for which he has fitted himself by training and experience.
In the light of the jurisprudence cited, we must determine whether or not the type or character of work of a carpenter is such that he has to have vision in both eyes to be able to do it satisfactorily.
The evidence discloses that plaintiff had had twenty years' experience as a carpenter; and is classed by his own attorney as a common, ordinary carpenter. We gather that his duties required him to saw planks, nail them, climb ladders, be on scaffolds, and work on roofs of houses. No one testified that he had to have precise vision. Plaintiff testified that he could no longer do the work of a carpenter on account of being one-eyed. His lay witnesses testified to the effect that he was totally disabled to follow the trade of a carpenter. Some of his witnesses even went so far as to state that they would not hire a one-eyed carpenter nor one wearing glasses. One of plaintiff's witnesses testified that he had had knowledge of a one-eyed carpenter who did satisfactory work at Camp Polk, while another of plaintiff's witnesses testified that he had had knowledge of a one-eyed carpenter who was employed at Shreveport, and that this carpenter did not do his work well, and that he thereby endangered his foreman.
The defendant offered testimony showing that at Leesville, Shreveport and Alexandria there were one-eyed carpenters following their occupation of carpentry. In fact, it offered the testimony of several one-eyed carpenters, and the gist of their testimony was that, although a handicap, they performed all the duties of a carpenter. The defendant's evidence is that a period of some six months is necessary for a carpenter to adjust himself to the fact that he has only one eye.
Plaintiff was examined by three eye specialists and one medical doctor. He was examined by Dr. Reid, a medical doctor, of Leesville, of his own choice. Dr. Reid testified that he has never had any knowledge of any one-eyed carpenter, and would not recommend one for work; however, he did state that it was mainly left to the contractor to hire one if he so pleased. The two eye specialists who examined plaintiff on behalf of the defendant testified that, although handicapped, plaintiff could perform the duties of carpentry. Plaintiff was examined by Dr. Gandy of Alexandria on his own behalf. He did not offer the testimony of Dr. Gandy, and it stands to reason that Dr. Gandy's testimony would not have been favorable to him.
The evidence preponderates that plaintiff's left eye is normal and that the loss of the right eye has not affected the good eye. The evidence preponderates in favor of defendant to the effect that plaintiff is not totally disabled to perform the duties of carpentry. In fact, other carpenters likewise afflicted are found rendering satisfactory service. There may be some contractors who bar the employment of persons having only one good eye or having to wear glasses, but there are others who do not draw the line on that account.
[2] In this case, under the facts as outlined, and in view of our previous holdings supra, we are of the opinion that plaintiff is only entitled to compensation for a period of 100 weeks as provided for under section 8, subsection 1, paragraph (d), subparagraph 9 of Act No. 242 of 1928, p. 357; in other words, merely for the loss of an eye, rather than to compensation for a period of four hundred weeks as granted by the trial judge. *Page 631 
For these reasons assigned, the judgment appealed from is hereby amended so as to reduce the period of compensation from 400 weeks to 100 weeks, and as thus amended the judgment is affirmed, plaintiff to pay the cost of this appeal and defendant to pay all other costs.