Roger H. Boulanger, plaintiff, was employed as a glass cutter by Libby-Owens-Ford Glass Company, and on July 17, 1941, while engaged in his hazardous duties, a piece of plate glass fell and struck his left arm just above the elbow, which necessitated the amputation of the member three or four inches above the elbow. He was paid compensation for two hundred weeks (plus thirteen additional weeks allegedly paid in error). The present suit is for the remainder of four hundred weeks based upon the contention that the loss of the arm rendered him permanently and totally disabled from doing work of any reasonable character.
The defendant admits the accident and pleads that plaintiff is due no further payments, since he has been paid in full for the specific loss, and has returned to his former employment.
There was judgment in the district court in favor of plaintiff for four hundred weeks compensation at the maximum rate, less a credit of two hundred thirteen weeks previously paid. The judgment then stipulates "said remaining payments of compensation to be suspended as long as plaintiff is being paid wages equal to the sum of $20.00 per week by the Libby-Owens-Ford Glass Co." The defendant has taken this appeal from the judgment. Plaintiff has answered the appeal seeking to have the judgment amended so as to delete therefrom the above quoted clause which suspends the payment of compensation during his employment with Libby-Owens-Ford Glass Company.
The facts in the case are undisputed. Plaintiff sustained the loss of his arm in the manner above stated and was able to return to his employment with the glass company less than four months later, and has engaged in the duties which he pursued before the accident.
A complete transcript of the yearly earnings of plaintiff is in evidence. During each of the years 1938 and 1939 plaintiff earned approximately $2500 per year; during 1940 his earnings dropped to about $700. His earnings for 1941 and since the accident are as follows: 1941 — $2,021; 1942 — $2,949; 1943 — $3,738; 1944 — $3,186; 1945 — $3,939; and for about ten months of 1946 — $3,464.
Counsel for plaintiff argue that he should be classified as permanently and totally disabled because it is necessary for him to *Page 889 
have some assistance in his duties, and particularly in view of the fact that without help he is unable to adjust the glass cutting tool. The defendant's counsel contend that plaintiff at the time of the accident was a skilled employee, and is at the present time considered by his employer as a first-class glass cutter and is able to earn more than he received at the time of his unfortunate injury.
There are many cases in our jurisprudence to the effect that where a workman loses a member of his body by amputation and is thereby rendered incapable of doing work of any reasonable character, his injury is controlled by subdivision 1, paragraphs (a), (b) or (c) of section 8 of the act as amended, Act No. 242 of 1928, p. 357, and not by paragraph (d), which applies in cases where the workman is not disabled and without reference to the duration of the disability. Custer v. New Orleans Paper Box Factory, Inc., et al., La. App., 170 So. 388; Ingram v. Meridian Lumber Co., La. App., 178 So. 187; Jones v. International Paper Co., La. App., 11 So.2d 555; Pourciau v. Board of Commissioners of Port of New Orleans, La. App.,12 So.2d 36; Mitchell v. T. J. Moss Tie Co., et al., La. App.,27 So.2d 385; Washington v. Independent Ice Cold Storage Co. et al., La.Sup., 758.
[1] It is thoroughly settled that where the phrase "work of a reasonable character" is used in the act, it means that kind of work for which the workman is fitted by education, training and status, and such work as he was performing or was usually accustomed to perform before his injury. McQueen v. Union Indemnity Co., 18 La. App. 612, 136 So. 761; Knispel v. Gulf States Utilities Co., Inc., 174 La. 401, 141 So. 9; Custer v. New Orleans Paper Box Factory, supra; Stieffel v. Valentine Sugars, Inc., et al., 188 La. 1091, 179 So. 6; Hibbard v. Blane et al., La. App., 183 So. 39; Anderson v. May, La. App., 195. So. 783; Sumrall v. E. I. Du Pont De Nemours Co., La. App.,1 So.2d 430; McKenzie v. Standard Motor Car Co. et al., La. App., 15 So.2d 115; Henry v. Higgins Industries, Inc., La. App., 24 So.2d 402.
[2] The question is whether Roger H. Boulanger, who is working for his same employer and is engaged in the same duties as those performed by him before the accident, and is earning a greater wage, can be characterized as a permanently and totally disabled workman.
The Supreme Court, in the case of Barr v. Davis Bros. Lumber Co., Ltd., 183 La. 1013, 165 So. 185, 188, made the observation that the Legislature, by adopting the act, intended to provide that a disabled employee not suffering an amputation should be paid compensation for an injury suffered in the course of his employment during the period of disability, under the provisions of paragraphs (a), (b) and (c), while for amputations, etc., under the provisions of paragraph (d) the compensation shall be paid irrespective of the duration of the disability. We quote:
"The main object of the legislators in enacting the Employer's Liability Act was to provide an employee, whose wages were discontinued as a result of an injury sustained while serving his master, with funds to subsist on until he could return to work. But while they had in mind as their main object the disability of the injured employee and the necessity of funds to sustain himself during such disability, they also had another object in view, that there might arise specific injuries such as severance or amputation of members or disfigurement, etc., without disability, and having by the statute deprived the employee of the right to recover in tort, the legislators deemed it just and wise that an employee should have the right to compensation in such cases; hence the provisions of the act under paragraph (d), where disability is not mentioned."
In all of the cited cases wherein workmen with amputations were allowed permanent disability benefits, the evidence showed that the claimants were unable to return to duties similar to those that they performed when injured. But in the present case the record abundantly shows, beyond any doubt, that Boulanger is capable of carrying on substantially and efficiently the duties of a glass cutter, and is performing his work in a satisfactory manner. *Page 890 
Since he has sustained the loss of a member of his body unaccompanied by inability to perform the duties of his employment, the claim against the defendant arises under the specific loss clause, which provides for payment of two hundred weeks compensation for loss of an arm. Plaintiff has been paid two hundred thirteen weeks compensation. He is therefore entitled to no further recovery.
The judgment appealed from is reversed, and it is now ordered that there be judgment in favor of the defendant, Liberty Mutual Insurance Company, and against the plaintiff, Roger H. Boulanger, dismissing plaintiff's suit. Plaintiff-appellee to pay costs of both courts.