ter, in derogation of common right, and as such must be strictly construed.

 "It is my opinion that [LSA-] R.S. 19:2.

" 'Where a price cannot be agreed upon with the owner * * *'

and [LSA-] Civil Code, Article 2627

" 'If the owner of a thing necessary for the general use, refuses to yield it, or demands an exorbitant price, he may be divested of the property by authority of law.'

require that a bona fide attempt be made to negotiate with the landowner before filing an expropriation suit.

 "The exception of prematurity is maintained and plaintiff's suit is dismissed as of non suit."

For the reasons assigned, the judgment is affirmed at appellant's cost.

HAWTHORNE, J., dissents and assigns written reasons.

HAWTHORNE, Justice (dissenting).

In my opinion the facts of this case disclose that any negotiations between the landowner and the plaintiff, or a formal tender, prior to filing suit would have been vain, useless, and of no avail, and consequently I respectfully dissent. See Louisiana Highway Commission v. Bullis, 197 La. 14, 200 So. 805.

71 So.2d 857

BERNIARD et al.

v.

GALIANO et al. (two cases).

Nos. 39739, 40110.

March 22, 1954.

John D. Nix, Jr., William J. Daly, New Orleans, for plaintiffs-appellants.

M. C. Scharff, New Orleans, for defendants-appellees.

LE BLANC, Justice.

In the year 1937 Basil Galiano and Joseph Galiano entered into an agreement for the purchase, by Basil Galiano, of a certain piece of real estate with buildings thereon, situated at the corner of Hickory and Leonidas Streets in the City of New Orleans, for the price and sum of $6,600, cash. Several months having elapsed and Joseph Galiano having failed to effect the the sale of the property, Basil Galiano, on August 23, 1938, through his attorney, wrote a letter to Joseph Galiano, calling on him to execute an act of sale on a certain specified date, which he refused to do.

On September 15, 1938, Basil Galiano filed suit in the Civil District Court of

Orleans Parish, against Joseph Galiano, demanding specific performance of the contract of sale. Joseph Galiano placed the suit at issue and after trial in the district court, judgment was rendered in favor of the plaintiff and against the defendant, ordering the latter to transfer the property by formal act of sale within ten days from the date of signing of judgment which was on July 14, 1939. Joseph Galiano took an appeal to this Court, furnishing bond in the amount of $2,000 with A. S. Rickefor as surety thereon. This Court affirmed the judgment of the lower court which became final after March 22, 1948 when a rehearing was refused. See Galiano v. Galiano, 213 La. 332, 34 So.2d 881. On April 28, 1948, Joseph Galiano finally surrendered possession of the property.

In the meantime, Basil Galiano died and his wife, Mrs. Gladys Berniard Galiano, and their four children, all of the full age of majority, were placed in possession of his estate. On September 24, 1948, they instituted the present proceeding against Joseph Galiano seeking to recover the rents and revenues from the property and the value of its use and enjoyment by him for the period beginning August 29, 1938 when demand for specific performance was first made on him, to April 28, 1948 when he complied under a judgment of Court. A. S. Rickefor is made a party defendant in the suit and judgment is prayed for against him as well as against Joseph Galiano in the sum of $232.50 per month during the period from August 29, 1938 to April 28, 1948.

In his answer to the petition of the plaintiffs, Joseph Galiano denied any liability, averring that after this Court had finally decided the matter he had complied with the judgment; that his defense in the suit for specific performance was made in good faith, under the advice of counsel; that plaintiffs made no deposit of the amount of the purchase price of the property until April 9, 1948 and that they had the use of their money until then. He further averred that should the Court hold that they were entitled to the rents, revenues and value of use of the property he was entitled to an off-set for the amount of the taxes paid by him as well as the costs of repairs, insurance and other items for its upkeep and also he was entitled to legal interest on the amount of the purchase price of $6,600 which plaintiffs retained in their possession until April 9, 1948. After asking for the dismissal of plaintiffs' suit, he prayed, in the alternative, that should they recover any amount against him that he be permitted to off-set it by his own demand, which as itemized by him, amounts to $9,252.50.

A. S. Rickefor who had been made defendant also, filed an exception of no cause or right of action as to the demand against him. No action seems to have been taken on the exception but on the same day on which this suit was filed, a separate suit had also been filed against

him and Joseph Galiano in which the same pleadings were presented. In that case the exception filed on behalf of Rickefor was sustained and from the judgment dismissing the suit, plaintiff took an appeal. That is the case which bears our docket No. 39739.

In this suit, No. 40110 of our docket, the trial judge gave judgment to plaintiffs for rent of each of the rentable units on the property, with interest on each payment from the week or month when it became payable. He allowed the defendant a credit or off-set amounting to $8,833.-50 with interest on each item going to make up this total, from the date of payment of each. The defendant was cast with the costs of suit. The plaintiffs appealed and both appeals have been consolidated.

After the appeals were lodged in this Court, Mrs. Gladys Berniard Galiano died and on proper showing her heirs who were co-plaintiffs with her were substituted as parties in her place.

■ The complaint by the appellants in No. 40110 is that the district judge did not allow a sufficient amount by way of rent and also that he was in error in offsetting the amount allowed by any amount whatsoever because the defendant Joseph Galiano had retained possession of the property in bad faith. The case was submitted without oral argument on appeal and as this last point is merely stated in brief of counsel for appellants, and is not argued, we take it that it is not seriously urged. So, in this case we are left only with the question of the inadequacy of the judgment in favor of the plaintiffs.

The buildings or improvements on the property consist of three units. On the corner is a two-story building, the lower story being used as a Negro bar-room and the upper as a residence of four rooms and a bath. Adjoining this building there are three two-room cottages under a single roof. Back of the large building is a shed that is used as a sort of store-room. The main building was occupied by the defendant Joseph Galiano. At one time the lower floor was divided into two units in one of which he conducted a bar-room and in the other, his wife conducted a grocery store. He and his family occupied the upper story as their residence. The three small two-room cottages were rented under regulations of the Office of Price Administration at $2.50 per week each and as to the rental value of these, there seems to be no further controversy.

In addition to the rent of $2.50 per week for each of the small units, the trial judge allowed a rental value for the main building and shed of $50 per month from August 29, 1938 through December 31, 1942, with legal interest on each monthly payment from the date it became due until paid. He then fixed the rent at the higher rate of $100 per month from January 1, 1943 through April 28, 1948 with interest on each payment as in the case of the $50 payments. In addition to the repairs, taxes, insurance and water bills which the

defendant was shown to have paid, he allowed him legal interest on the amount of the purchase price of $6,600 which plaintiffs had retained and had not deposited in the registry of the Court until April 9, 1948.

■ The rental value of the main building is the only matter that remains at issue. Regarding its value the proof submitted consists principally of the testimony of three real estate experts, two of whom were offered by the plaintiffs and one by the defendant. They all three had different opinions as to values either as to the building as a whole, or, divided in two separate units. The trial judge no doubt found it impossible, as do we, to reconcile the testimony of these witnesses and apparently solved the problem by evaluating it as a whole and then striking a figure he thought represented the nearest true value. Considering the location of the property, the physical condition of the buildings, the nature of the business conducted and also the long term over which to fix the rental value, we think that he wisely divided the term into two periods, one of which might be referred to as the pre-war period and the other the war and post-war period when such values greatly accelerated, and was thereby able to reach an amount which was fair and reasonable. Taking into account all of the facts and circumstances in the case we cannot say that he manifestly erred and under the well-known rule that in the absence of manifest error much weight attaches to the findings of fact of the trial judge, we have concluded to affirm the judgment in this case which bears our docket No. 40110.

The suit against Rickefor, No. 39739 of our docket, was dismissed, as previously stated, on an exception of no cause and right of action. This defendant was sued as surety on the appeal bond given by Joseph Galiano in the suit for specific performance in which the judgment of the lower court was affirmed on appeal to this Court in March, 1948. Galiano v. Galiano, 213 La. 332, 34 So.2d 881. Rickefor's liability therefore arises out of the obligation he undertook on that bond, as surety.

The bond is in the amount of $2,000 and the condition therein stipulated is, as in all suspensive appeal bonds, as follows: "Now the condition of the above obligation is such, That the above bound Joseph Galiano shall prosecute his suspensive appeal, and shall satisfy whatever judgment may be rendered against him or that the same shall be satisfied by the proceeds of his estate, real or personal, if he be cast in the appeal; otherwise that the said A. S. Rickefor shall be liable in his place."

■ The language is almost verbatim with that found in Article 579 of the Code of Practice which prescribes the terms and conditions of an appeal bond. It is true that Article 577 of the Code of Practice makes provision for the security required for appeal in case of a judgment

which decrees the delivery of real estate, but like Article 579 it contains nothing that relates to the matter or method of procedure to enforce the obligation. That procedure, as shown by the jurisprudence, is for the party seeking to recover from the surety on the appeal bond, to take a rule on the surety, after it has been made to appear that the proceeds of the sale of all the estate and effects of the principal have proved insufficient to discharge the demand.

In the very early case of Chalaron v. McFarlane, 9 La. 227, the procedure was by a motion ordering the surety to show cause why judgment should not be rendered against him after an order of sale of the principal's property under seizure had been stayed by an order of Court on the ground that he had made a cession of his property. In disposing of the matter, the Court stated:

"It appears to this Court, that notwithstanding the general provision in the Louisiana Code, Article 3035, excluding judicial sureties from the benefit of discussion, it seems to be different as regards sureties in appeal bonds. From the very nature of the obligation, and the terms of their engagement, they derive the right of resisting a recourse on them, until it is clearly shown by the creditor, that the sale of all the estate and effects of the principal has proved insufficient to discharge his demand."

In view of the fact, as we are given to understand, that the district judge sustained the exception in this case on the ground that the suit against the surety was premature, we find the further observation by the Court in the cited case to be highly pertinent:

"The recourse of the plaintiff, in this instance, against the defendant was premature. The surety is not bound to pay, until all the property, both real and personal, is first exhausted. This does not appear to have been done in the present case."

As far as we are able to ascertain the jurisprudence is still to the same effect and undoubtedly the action of the district judge in dismissing the present suit on exception was correct. When plaintiffs filed their suit they had neither a cause nor a right of action against the defendant Rickefor. The judgment appealed from in this case will also be affirmed, a separate decree to be rendered in each case.

For the reasons stated it is ordered that the judgment appealed from in the case of Galiano v. Galiano, No. 39739 of the docket of this Court be, and the same is hereby affirmed at the costs of the plaintiffs, appellants therein.