194 So.2d 147 (1966)
Joseph C. LYONS
v.
Jasper PIRELLO.
No. 6837.
Court of Appeal of Louisiana, First Circuit.
December 28, 1966.
Rehearing Denied February 6, 1967.
Writ Refused March 27, 1967.
*149 Lawrence A. Durant, of Cole & Mengis, Baton Rouge, for appellant.
W. P. Wray, Jr., of Wray & Simmons, Baton Rouge, for appellee.
Before LANDRY, ELLIS and BAILES, JJ.
LANDRY, Judge.
Plaintiff, Joseph C. Lyons (appellant), employed as a carpenter by defendant, Jasper Pirello (appellee), was awarded workmen's compensation benefits by the trial court at the maximum weekly rate of $35.00 for a period of 100 weeks, subject to credit for 12 weeks compensation paid by defendant, for the loss of an eye sustained while working on an apartment complex owned and being constructed by defendant. From said judgment plaintiff has appealed contending the trial court incorrectly awarded compensation for the loss of an eye whereas appellant should have been granted benefits for 400 weeks inasmuch as said injury produced total permanent disability. Appellant further complains that the trial court erroneously rejected his demand for penalties and attorney's fees due because of defendant's alleged arbitrary and capricious failure to pay incurred medical expense in its entirety and compensation benefits due beyond the twelfth week following plaintiff's injury.
Defendant, a self insurer, who maintains his sole businesses are that of Realtor and Lessor of improved realty, has answered plaintiff's appeal contending the judgment of the trial court should be reversed and set aside and plaintiff denied compensation on the ground that neither of appellant's said businesses are hazardous.
We think the judgment of the trial court is correct in every respect and affirm it.
Appellee, a resident of the City of Baton Rouge, readily concedes plaintiff's injury occurred while plaintiff was working as a carpenter in the course of plaintiff's employment by defendant as hereinabove noted. Nevertheless defendant maintains he is not liable to plaintiff for compensation benefits because defendant's sole businesses are those of realtor and lessor of improved real estate neither of which are hazardous within the contemplation of the term "hazardous occupations" as used in our Workmen's Compensation Law. Stated otherwise, appellee argues that construction, repair and renovation of buildings by an owner whose sole businesses are those of realtor and lessor does not constitute such owner a contractor. Neither, according to appellee, does such activities characterize an owner as being engaged in the business of constructing buildings, an occupation admittedly hazardous in nature. On this premise defendant, relying on the provisions of LSA-R.S. 23:1035 and certain jurisprudence hereinafter discussed, argues plaintiff's injury did not occur within the scope of defendant's regular business, trade or occupation consequently defendant is not liable to plaintiff *150 for workmen's compensation benefits in any amount whatsoever. Finally, defendant contends the nature, amount, number and extent of the construction, repair or renovation engaged in by an owner with respect to his own rental properties has no bearing on the issue of whether such a proprietor is engaged in the construction or contracting industry as a business.
In substance this appeal presents for decision the following issues: (1) Was defendant engaged in the business of either contractor or building constructor, both admittedly hazardous? (2) Did the loss of his eye entitle plaintiff to 400 weeks compensation for total permanent disability instead of 100 weeks for the loss of said bodily organ as allowed by the trial court pursuant to LSA-R.S. 23:1221(4)?, and (3) Should the trial court have awarded appellant penalties and attorney's fees because of defendant's alleged arbitrary and capricious refusal to pay medical expenses in their entirety and compensation benefits due beyond the twelfth week following plaintiff's injury?
It is now well settled that the Workmen's Compensation Law of this state does not purport to render all employers liable for the benefits therein provided. The statute in question embraces only such occupations as are therein expressly declared hazardous or are found by the courts to be hazardous. Eligibility for benefits does not exist unless the employee is injured in the performance of work of a hazardous nature and which forms a part of the employer's regular trade, occupation or business. LSA-R.S. 23:1035; Shipp v. Bordelon, 152 La. 795, 94 So. 399.
In Edwards v. Stafford, La.App., 153 So.2d 106, we reviewed in detail the then existing jurisprudence on the subject matter presently under discussion including, inter alia, Shipp v. Bordelon, supra; McAllister v. Peoples Homestead & Savings Ass'n, La.App., 171 So. 130; Brooks v. Smith, La.App., 41 So.2d 800; Weaver v. Mutual Building & Homestead Ass'n, La.App., 195 So. 384, and Brown v. Hartford Accident & Indemnity Co., 240 La. 1051, 126 So.2d 768. We find it unnecessary to repeat all of our observations in Edwards v. Stafford, supra, with respect to the issue presently before us. It suffices, we think, to state the criterion which has evolved for determining whether liability for compensation benefits exists in a case wherein an employer undertakes to construct, repair or renovate buildings belonging to himself or others is simply whether or not the given employer is engaged in such undertaking as a business, trade or occupation. Stated otherwise, the issue is, does such activity constitute part of the employer's regular business, trade or occupation?
It is likewise well settled that the business in which the employer is engaged need not be exclusive inasmuch as an employer may, and many employers do, have multiple businesses, trades or occupations. McMorris v. Home Indemnity Insurance Company, 236 La. 292, 107 So.2d 645. We agree with counsel for defendant that the number, amount, nature and extent of repair or renovation engaged in by an owner of rental property with respect to his individual holdings is not decisive of the issue of whether such a proprietor is engaged in the work of repairing or renovating buildings as a business. McAllister v. Peoples Homestead & Savings Ass'n, supra; Brooks v. Smith, supra.
In the present case, therefore, the crucial question is whether defendant while engaged as realtor and lessor of improved realty was also engaged in the business, trade or occupation of constructing, repairing and renovating buildings or other structures. The answer to such question in any case depends upon the facts involved.
The record discloses plaintiff's injury occurred during the course of construction of a 20-apartment complex known as *151 Drusilla Lane Apartments which edifice defendant undertook to build for himself. It is undisputed that defendant purchased a number of old buildings, transported them to the project site and thereby proceeded to combine and unite these components into a single structure. It also appears defendant constructed for his own account a commercial building situated on Airline Highway in the City of Baton Rouge and rented the structure to a firm known as Flame, Inc. Prior to constructing Drusilla Lane Apartments, appellee built on adjacent or nearby lands, an 18-unit apartment building which he subsequently sold to his mother-in-law, Josephine Lombardo, for an undisclosed sum. On another occasion, defendant constructed a restaurant for his mother-in-law, the establishment being erected on property fronting on Perkins Road in the City of Baton Rouge. Defendant also supervised construction of a commercial building in Denham Springs at the request of one of his realty clients and for said services received a commission of 10%. In addition, the record contains admissions by defendant of other instances wherein he performed repair and renovation work for third persons either for a fee or on a commission or on a cost-plus basis.
From the foregoing, we deem it clear beyond all doubt that defendant was in fact engaged in the construction, repair, restoration and renovation of buildings as a business, trade or occupation. Said business being hazardous and plaintiff having been injured in the course thereof while performing services for defendant incident thereto, defendant is patently liable to plaintiff for workmen's compensation benefits.
The injury in question occurred as plaintiff was in the act of using a power saw. In some manner a sliver of metal became lodged in and lacerated the cornea of appellant's left eye.
Dr. A. B. Cross, ophthalmologist, testified in effect that upon examination of plaintiff he found the cornea lacerated and the iris prolapsed. He removed the foreign body from plaintiff's eye, excised the iris prolapse and sutured the corneal wound. As a result of the accident and subsequent treatment, Dr. Cross explained there is some scarring of the cornea, the iris is missing and there is considerable opacity in the vitreous. Plaintiff possesses light perception in all peripheral fields but his visual acuity in the affected eye is less than 20/200. This condition, according to Dr. Cross, means that plaintiff is "industrially blind."
Plaintiff maintains that where he has light perception in the left eye, nevertheless he is totally and permanently disabled as a carpenter. Defendant contends, on the other hand, that plaintiff has returned to his former occupation.
The record discloses that following the accident, plaintiff remained in the hospital approximately 12 days whereupon he returned to work for defendant performing substantially the same work as before his injury. In substance, plaintiff contends he is disabled as a carpenter because the loss of his eye has deprived him of "depth perception" which hampers sawing, nailing and particularly climbing. In this regard plaintiff contends he cannot do "framing or rigging" or other carpenter work involving climbing because his lack of depth perception makes him a menace and danger to himself and fellow workmen while performing such duties. According to plaintiff, before the accident he was able to perform carpentry work on any project from start to finish. Since the accident, however, he is able to perform only finishing work and even in performing such work he nails awkwardly and has a tendency to bump into objects on his "blind side."
The rule obtaining in cases of this nature is that an employee sustaining a specific loss set forth in LSA-R.S. 23:1221(4) et seq., is nevertheless entitled to benefits provided in the disability sections of the statute if he can show total or partial disability has resulted therefrom. Ernest v. *152 Martin Timber Co., La.App., 124 So.2d 205; Boulanger v. Liberty Mutual Ins. Co., La. App., 31 So.2d 888; Hagen v. Associated Indemnity Corp., La.App., 20 So.2d 629. The cited authorities further hold that the specific loss sections 1221(4) et seq., supra, are confined in application to those cases wherein the loss incurred produces neither total nor partial disability.
In the Boulanger case, supra, an action involving circumstances more extreme than those in the case at bar, the crucial question was held to be whether the injured workman is unable to resume duties similar to those performed at the time of injury. We note that in the Boulanger case, supra, the employee, a glass cutter, suffered amputation of one arm above the elbow. It further appears that he required assistance in the performance of some of his duties, particularly in aiding him to adjust the glass cutting tool. Notwithstanding such injury, the employee was found able to perform duties substantially similar to those engaged in at the time of the accident. Such being the case he was decreed entitled only to compensation specified for the loss of a bodily member.
Hagen v. Associated Indemnity Corp., supra, appears identical with the instant matter in that it involved a carpenter who lost an eye. We note therein the following decisive language which we quote with approval:
"The law controlling in such cases is clearly set out by us in the case of McCain v. Fohs Oil Co. et al., La.App., 6 So.2d 197, 198. In that case, we stated: `What the Court is concerned with principally in a case of this kind is the type of work the injured employee was performing at the time of the accident causing his injury, and, is that the only kind of work which, by virtue of his education, his status in life, his training and experience, he is able to do. If the type or kind of work is such that because of the loss of one eye he can no longer perform his duties or can only perform them with danger to himself, he is entitled to recover compensation for total, permanent disability under the general disability provision of the statute. Section 8, Subsection 1, Paragraph (b) of Act 20 of 1914, as amended by Act 242 of 1928. If, on the other hand, the work is of such character that it can be satisfactorily performed by him with the vision from the remaining eye, and without risk, he is entitled to recover compensation under the specific provisions of the act which limits the recovery to 100 weeks for the loss of an eye. Section 8, Subsection 1, Paragraph (d), Sub-paragraph (9) of Act 242 of 1928. In other words, for the loss of an eye, even though there be no resulting disability, the injured employee is ipso facto entitled, under the specific provisions of the Act, to 100 weeks compensation, which, in effect, is a sort of offset for what he might have recovered in a tort action, the right to pursue which he has been deprived of by the statute. But if the loss of the eye produces disability, he can recover compensation under the general provisions of the statute, during such disability, depending of course upon its nature and duration. The distinction herein made applies not only to the loss of or injury to an eye but to any of the various members of the body enumerated under Paragraph (d), Subsection 1, Section 8 of Act 242 of 1928. See Barr v. Davis Bros. Lumber Co., 183 La. 1013, 165 So. 185."
The question then, is simply whether plaintiff herein has returned to substantially the same duties he performed prior to the accident. We think plaintiff has because, shortly following the accident, he resumed employment with defendant doing carpentry work and remained so employed for approximately three months. Thereafter, plaintiff left defendant's employ to resume work as a carpenter with plaintiff's former employer, Emory Fontenot, a construction contractor. Plaintiff left Fontenot after two months and has *153 since been steadily employed as a carpenter by Buddy Eanes, a builder.
Counsel for plaintiff relying upon McCain v. Fohs Oil Company, La.App., 6 So. 2d 197; Veillion v. Knapp & East, La.App., 158 So.2d 336, and Lacoste v. J. Ray McDermott & Co., La.App., 185 So.2d 553, contends that plaintiff is totally disabled because the loss of an eye hampers his activities to the extent plaintiff is a danger to himself and others, especially when climbing is involved. While it is true, as counsel contends, that an employee is considered disabled when the nature of his injury is such that he can perform his usual duties only under conditions which make him a danger or hazard to himself and his fellow workers, such is not established in the case at bar.
Although plaintiff maintains he can only do finishing work, nevertheless his testimony shows that upon resuming employment by defendant following the accident, plaintiff did the same work as before without assistance. It further appears plaintiff's hourly wage at present is considerably more than plaintiff was earning at the time of the accident. Although plaintiff has only done "trim" or "finishing" work since employed by Eanes, plaintiff conceded that Eanes' method of operation is such that he has specialized crews for each construction stage and plaintiff has been assigned to the trim crew. Plaintiff has not established with that degree of certainty required by law that performance of the duties of carpenter has been made extra-hazardous by virtue of his injury.
The Lacoste case, supra, is readily distinguishable from the case at bar. In the Lacoste case, supra, the injured employee, a sandblaster by trade, contracted an occupational disease known as silicosis and which involves the lungs. There the evidence showed continued exposure to dust resulting from sandblasting would mean the employee's death. No such showing is made in the instant case. In the cited case the circumstances of employment was the cause of the disease which is equated to an accident under our jurisprudence. To require an employee to work under circumstances certain to cause his demise is patently inhumane. In the instant case there is no showing that plaintiff's return to carpentry will expose either him or his fellow workers to unreasonable dangers. On the contrary, it appears that since his injury, plaintiff has performed work substantially the same as that in which he was previously engaged.
Plaintiff's claim to statutory penalties and attorney's fees provided in LSA-R.S. 23:1201.2 is without foundation. To establish entitlement to such penalties and fees, the claimant must show that the employer arbitrarily and capriciously declined to make compensation payments or discontinued such payments once begun. The statute in question is penal in nature and therefore is subject to the rule of strict construction. Chase v. Warren Petroleum Corporation, La.App., 168 So.2d 861. Where there is ground for bona fide dispute respecting the employer's alleged liability for compensation benefits, the penalty provisions of LSA-R.S. 23:1201.2 are not applicable. Redding v. Cade, La.App., 158 So.2d 880. In the instant case we find that defendant's discontinuance of benefits after twelve weeks was not arbitrary and capricious. We find under the circumstances defendant possessed reasonable ground to dispute basic liability and his discontinuance of payments was not without justification.
Accordingly, the judgment of the trial court is affirmed at appellant's cost.
Affirmed.