216 So.2d 407 (1968)
Joe PONTHIEUX, Plaintiff-Appellant,
v.
Bill LINDSAY and Charles Lowther, Defendant-Appellee.
No. 2430.
Court of Appeal of Louisiana, Third Circuit.
July 29, 1968.
Rehearing Denied October 3, 1968.
On Second Rehearing December 5, 1968.
Writ Granted December 10, 1968.
*408 David A. Sheffield, Alexandria, and Roy & Roy, by Chris J. Roy, Marksville, for William Lindsay, in Pro per, plaintiff-appellant.
Gold, Hall & Skye, by William E. Skye, Leo Gold, Alexandria, for defendant-appellee.
Before TATE, FRUGE and CULPEPPER, JJ.
FRUGE, Judge.
Plaintiff, Joe Ponthieux, brought this suit for workmen's compensation benefits against Bill Lindsay and Charles Lowther.[1]
Plaintiff's claims were rejected by the district court, and he effected this appeal against Charles Lowther alone.
Defendant, Charles Lowther, is, and has been for a number of years, a life insurance agent; and such has been his sole occupation. Mr. Lowther's father sold certain piece of land, and in the act of sale he was obligated to remove four buildings therefrom, or suffer a reduction of the price of the sale. Mr. Lowther decided that he could move these buildings for his father onto a piece of land that he had bought and make them into rental apartments. *409 So he acquired the buildings from his father, contracted to have them cut into smaller structures, moved them to the property which he had purchased, and renovated them into twenty apartments. Toward this end, he hired several contractors to perform the various moving and remodeling and repairing operations. One of these contractors, Mr. Bonnette, agreed to cut these buildings into smaller structures so that they could be moved in accordance with the city ordinances. Mr. Bonnette hired plaintiff, Mr. Ponthieux, as a common laborer to help him cut the buildings into smaller structures. While working on the roof of one of the buildings, plaintiff fell, breaking his right wrist. Neither Mr. Bonnette nor the defendant carried workmen's compensation insurance.
The primary question for our determination is whether or not the defendant, Mr. Lowther is responsible to plaintiff for workmen's compensation benefits under R. S. 23:1061, which provides in pertinent part as follows:
"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him * *."
The crucial part of this section is that the plaintiff be performing "any work, which is part of * * * [defendant's] trade, business, or occupation." Thus, the question of the defendant's liability in this case rests upon whether or not he was in the "business" of moving buildings or constructing apartment complexes.[2]
In support of the appellant's contention that defendant should be found to be in the business of constructing apartment buildings, he relies principally upon the case of Lyons v. Pirello, 194 So.2d 147 (La.App. 1st Cir., 1966),[3] and the principle that provisions of the Workmen's Compensation Act should be liberally construed in favor of the injured employee.
We readily agree that Workmen's Compensation Act should be liberally construed so as to carry out its intent and design, but it is not the design or intent of the Act to render all employers liable for any type of hazardous services rendered to them by their employees. Edwards v. Stafford, 153 So.2d 106 (La.App. 1st Cir., 1963). Even construing the words "part of his trade, business, or occupation" broadly, we do not feel that this engagement on the part of defendant, Lowther, constituted a part of his trade, business, or occupation.
This undertaking which defendant did was for the pecuniary benefit of his father, with the hope that the rental income from the apartments would later sustain his elderly parents. In fact, subsequent to his placing the apartment buildings on his property, he sold the entire enterprise to his mother.
*410 This enterprise was the first and only endeavor defendant had ever made at repairing or leasing any property for pecuniary gain. Such an isolated endeavor, unrelated to his full-time occupation as a life insurance agent, we feel, does not satisfy the requirements of Section 1061 to the effect that the work being done constituted "work which is a part of * * * [defendant's] trade, business, or occupation". This position appears consistent with prior jurisprudence considering the same issue. See Edwards v. Stafford, supra, and the cases discussed therein.
The appellant strongly urges this court to follow the decision of Lyons v. Pirello, 194 So.2d 147 (La.App. 1st Cir., 1966). The facts in that case are very similar to that of the instant case. There, the defendant undertook to move older structures onto a lot and to repair and renovate the same into twenty rental apartments. Defendant's regular occupation was that of a relator. The court in Pirello found that the defendant was "engaged in the business, trade, or occupation of constructing, repairing, and renovating buildings or other structures". The court commented that "the number, amount, nature, and extent of repair or renovation engaged in by an owner of rental property with respect to his individual holdings is not decisive of the issue of whether such a proprietor is engaged in the work of repairing or renovating buildings as a business" (Page 150). Recovery was permitted, however, in that case after finding that defendant had not engaged in only one isolated venture, but that he had previously built an office building to rent, an eighteen-unit apartment building, which he subsequently sold, and a restaurant, in addition to his contracting to construct and repair other commercial buildings.
The above evidence sufficiently indicates that the defendant in the Pirello case was in the business of construction and renovation of commercial buildings for profit. This is precisely the distinguishing feature of the Pirello case from the instant one; for here defendant has had no prior or subsequent dealings of the same nature as the moving and the renovation of this one group of apartments.
For the above reasons, the judgment of the trial court is affirmed at appellant's costs.
Affirmed.
TATE, J., dissents and assigns written reasons.
TATE, Judge (dissenting).
The writer respectfully dissents.
We affirm the dismissal of a suit by a disabled workman for compensation benefits (a) as against defendant Lowther on the ground that this employer in whose service the plaintiff injured was not regularly employed in the construction business, and (b) as against defendant Lindsay (without discussion) on procedural grounds. The writer feels that the majority fell into error in both instances and will discuss the issues separately.
(a) The defendant Lowther.
Lowther was engaged in removing four or five large houses from one location to another and at the latter place constructing a 20-apartment complex. The operations included numerous sub-contracts, as well as direct employment by Lowther of various plumbers, painters, etc. Lowther in all respects was performing the function of a general contractor in a construction project which involved prolonged construction operations and financing which at the time of the trial exceeded fifty thousand dollars. The rental properties were to bring in an income of some fifteen hundred dollars monthly.
The majority exculpates Lowther from liability on the ground he was not in the "business" of moving buildings or constructing apartment complexes. It thus apparently accepts the considerable evidence indicating that the plaintiff was indeed *411 performing work on this project for Lowther (who was either the plaintiff's direct employer or his principal-statutory employer), finds that Lowther should not be held because as a matter of law his employees in this project were not protected by our compensation statute.
Such a holding applies jurisprudence to the effect that repairs or construction activities do not by themselves subject an employer to the compensation act, if his business is otherwise not within the statute's coverage. See Malone, Louisiana Workmen's Compensation, Section 102 (1951; 1964 pocket parts), summarizing and criticizing this line of decisions. However, construction activities may be so extensive or so continuous as to amount to a business activity which entitles the employees to the protection of our compensation act, even if such activities are primarily for the employer's pecuniary enterprises rather than by contracting to perform same on behalf of enterprises owned by others. See Landry v. Fuselier, 230 La. 271, 88 So.2d 218 (alternative ground) and Lyons v. Pirello, La.App. 1 Cir., 194 So.2d 147, certiorari denied.
It seems to me clear that, under this principle, the defendant Lowther was engaged in the construction, repair, restoration and renovation of buildings as a business, trade or occupation, just as was the defendant employer held to be in Lyons v. Pirello. In the Pirello case the defendant was undertaking to build the 20-complex apartment for himself, whereas in the present instance the employer claims to have been building a similar large complex for his parents (he sold them to his mother the day before the trial of June 15, 1967). Neither this circumstance, nor the circumstance that this was the first such large project undertaken by Lowther for income-producing purposes (rather than the second, say), seem to be sufficient reason to deny an employee injured in this extensive construction enterprise the coverage of our Louisiana compensation act.
Of course, the circumstance that Lowther had other business occupations does not prevent this economic enterprise from being one covered by our compensation act. It is settled that the business in which an employee is injured need not be the principal nor exclusive business occupation of the employer for the employee to be entitled to compensation benefits, since an employer may have more than one businesses, trades, or occupations for purposes of our compensation act. McMorris v. Home Indemnity Ins. Co., 236 La. 292, 107 So.2d 645; Lyons v. Pirello, La.App. 1 Cir., 194 So.2d 197, certiorari denied.
(b) The defendant Lindsay.
Suit was also brought against codefendant Bill Lindsay, an alleged co-employer. The majority is in obvious procedural error in affirming the dismissal of the sui against him.
Lindsay was a resident of Rapides Parish. The accident occurred in that parish. It is therefore apparent that Rapides not Avoyelles was the proper venue,[1] had objection been raised timely.
However, the declinatory objection to improper venue must be raised by timely declinatory objection, LSA-CCP Arts. 44, 925(4), and the declinatory exception "shall be pleaded prior to answer or judgment by default." LSA-CCP Art. 928. If the objection to improper venue is not raised by exception prior to default, it is waived. Frederick v. Popich Marine Const. Inc., La.App. 1 Cir., 136 So.2d 423; favorably noted, MaMahon, Work of the Louisiana Appellate CourtsCivil Procedure, 23 La.L.Rev. 378, 385 (1963).
In the present instance, a default was taken against Lindsay. See minute entry August 16, 1966, Tr. 1. Nevertheless, the trial court dismissed the suit against this *412 defendant[2] on a holding that this Avoyelles court lacked jurisdiction over the subject matter,[3] following the pre-Code decision of Automobile Ins. Co. v. Thornton, La.App. 2d Cir., 56 So.2d 308 (1952), critically noted 12 La.L.Rev. 503 (1952). However, as Dean MaMahon noted, 23 La.L.Rev. 385, the 1960 Code of Civil Procedure expressly overrules the Thornton rationale.
The trial court judgment dismissing the suit as against Lindsay should also be reversed, and the case either decided here on the merits on the basis of the evidence in the record or else remanded to the trial court for confirmation of the default or decision on the merits as against this defendant.
The writer must therefore respectfully dissent from the affirmance of this judgment of dismissal.
Denial of Application for Rehearing.
En Banc.
PER CURIAM.
In Footnote 1 of our original opinion we state:
"Bill Lindsay did not appear or answer the petition and therefore the suit against him was dismissed as of nonsuit because of improper venue." The dissenting opinion says the dismissal of the suit against Bill Lindsay was a procedural error. Be that as it may, the majority expresses no opinion on the question. This issue was not urged as a grounds of appeal or assignment of error and has not been orally argued or briefed in this court. As we understood plaintiff-appellant's oral argument before us, he did not wish to pursue his claim against Bill Lindsay.
Out of an abundance of precaution, in case we misunderstood plaintiff's oral argument, we reserve to him the right to apply for a further rehearing limited to the dismissal of Bill Lindsay.
Grounds which are not urged either in written briefs or in oral arguments in the appellate court are considered abandoned. Berniard v. Galiano, 224 La. 1100, 71 So.2d 857; Wier v. Grubb, 228 La. 254, 82 So.2d 1.
With these remarks, plaintiff's application for a rehearing is denied, reserving to him the right to apply for a further rehearing, limited to the issue of the dismissal of the defendant, Bill Lindsay.
TATE, J., is of the opinion that a rehearing should be granted.

On Rehearing
En Banc.
TATE, Judge.
When we denied rehearing on October 3rd, we reserved the plaintiff's right to reapply for rehearing with regard to his claim against the co-defendant, Bill Lindsay. Upon the plaintiff's further application, we granted rehearing limited to the question of whether his suit against the co-defendant Bill Lindsay was correctly dismissed. The trial court dismissed his claim solely on procedural grounds, not on the merits, as will be set forth more fully.
*413 The plaintiff sues co-defendants Lowther and Lindsay for workmen's compensation. As our original opinion shows, Lowther had bought some buildings and was in the process of moving them onto another tract of land. Lowther had employed Lindsay to move the houses. Plaintiff was injured while working on one of the houses to be moved.

The Procedural Issue
The accident occurred in Rapides Parish. Lowther and Lindsay were residents of Rapides Parish. The plaintiff brought suit in Avoyelles Parish, his own residence; but, as the trial court pointed out, the domicile of an injured plaintiff is not a proper venue under the present circumstances. LSA-R.S. 23:1311 in effect limits the venue here to the place of the accident and the domicile of the defendants, all of which are in Rapides Parish.[1]
Lindsay never appeared nor retained counsel. The plaintiff entered a preliminary default against him. The plaintiff attempted to confirm the default, but the trial court dismissed the suit on the ground that the Avoyelles Parish court lacked jurisdiction of the subject matter. The court reached this conclusion because the compensation statute had not provided that the Avoyelles Parish court was a proper place to try the suit. See LSA-R.S. 23:1311-13, discussed above.
In so holding, our learned brother fell into error. Jurisdiction is the legal power and authority of a court to hear and determine an action and to grant the parties relief to which they may be entitled. LSA-CCP Art. 1. Venue, on the other hand, is merely the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject. LSA-CCP Art. 41.
The District Court of Avoyelles Parish did have jurisdiction over the subject matter for this suit, LSA-CCP Art. 2: It is authorized by law to hear and determine suits for workmen's compensation. It also had jurisdiction over the defendant Bill Lindsay's person: He was personally served with citation and process. LSA-CCP Art. 6. The trial court therefore erred in dismissing this suit on the ground of its lack of jurisdiction (power) to decide the case.
With limited exceptions not here applicable, objections to improper venue are waived by making a general appearance, LSA-CCP Arts. 925, 7, or else by the failure to raise such objection by a declinatory exception filed prior to answer or to entry of preliminary default, Arts. 44, 928. The defendant Lindsay made no appearance. Since by service of process the court had personal jurisdiction to render judgment against him, Lindsay's failure to plead the objection to venue timely constituted a waiver of his right to do so.
The suit therefore cannot be dismissed for being brought at an incorrect venue. The court is not authorized to do so on its own motion, for the objection to venue must be timely raised by the party adversely affected.
We may say that a primary purpose of the jurisdictional articles of the 1960 Code was to clarify previous conceptual inaccuracy by which venue, merely the waivable place of trial, was sometimes confused with jurisdiction (ratione materiae or ratione personae), the competency or power of a court to try a case. McMahon, Jurisdiction Under the Louisiana Code of Civil Procedure, 35 Tul.L.Rev. 501 (1961). Prior decisions incorporating this confusion were intended to be overruled, such as a case relied upon by the *414 present trial court, Automobile Insurance Co. v. Thornton, La.App.2d Cir., 56 So.2d 308 (1952), critically noted 12 La.L.Rev. 503 (1953). The Code articles intended to emphasize that, after a preliminary default is entered, an objection to improper venue may no longer be urged. Frederick v. Popich Marine Const., Inc., La.App. 1st Cir., 136 So.2d 423; favorably noted, McMahon, Work of the Louisiana Appellate Courts Civil Procedure, 23 La.L.Rev. 378, 385 (1963).

The Merits.
The plaintiff Ponthieux fell from a roof and sustained crippling injuries. He was working as an employee of Neilson Bonnette, who had been employed by Lowther to cut the houses and to prepare them for the codefendant Lindsay to move. The present suit against Lindsay was brought upon the theory that Bonnette was a subcontractor for Lindsay.
Without contradiction, however, the evidence shows that Bonnette was employed directly by Lowther, just as was Lindsay. Both Lowther and Bonnette testified that Lowther made entirely separate contractual arrangements with Lindsay to move the houses and with Bonnette to cut and prepare them, and that these contractors and their operations were economically and otherwise independent of one another. Tr. 186-87, 191, 274, 283. The plaintiff himself knew only that he was working for Bonnette, and that Bonnette had told him he was working for Lowther. Tr. 221, 248-249.
The plaintiff has not proved that the defendant Lindsay was either the employer of Bonnette, or a principal employing him as contractor so as to be a statutory employer. We are aware of no theory whereby Lindsay may be held liable for disabling injuries sustained by a claimant injured while working for another employer on the same premises, where there was no control, borrowing, principal-contractor, or other relationship, by virtue of which the claimant might be considered to be performing services for the defendant. An employee-employer relationship is a prerequisite for the recovery of compensation benefits. Lewis v. Bellow, La.App.3d Cir., 212 So.2d 540.
On the merits, therefore, the plaintiff's claim against the defendant Lindsay should be dismissed.

Decree.
Since on the merits we find that the plaintiff Ponthieux is not entitled to recover benefits from the defendant Lindsay, we affirm the trial court's dismissal of the plaintiff's suit for workmen's compensation benefits. The plaintiff is to pay the costs of his appeal as against Lindsay.
Affirmed.
NOTES
[1] The suit against both defendants was brought in Avoyelles Parish. Both defendants were resident of Rapides Parish, where, also, the injury to plaintiff was sustained. Bill Lindsay did not appear or answer the petition and therefore, the suit against him was dismissed as of non-suit because of improper venue. Charles Lowther appeared in Avoyelles Parish and answered plaintiff's petition thereby waiving his exception as to improper venue, and subjecting himself to the jurisdiction of the Avoyelles Parish District Court. See C.C.P. Arts. 925 and 44.
[2] Plaintiff was injured while he was helping to cut one of the large buildings into smaller parts so that it might be moved into defendant's property. It is not contended that defendant was in the business of the demolition or the moving of building structures. But if we were to find that defendant was engaged in the business of constructing apartment complexes then it might follow that plaintiff's injury resulted as a hazardous incident to the hazardous business of constructing apartments.
[3] See also Richard v. United States Fidelity and Guaranty Co., 247 La. 943, 175 So.2d 277 (1965).
[1] LSA-R.S. 23:1311 in effect provides that as to non-insurer defendants these are the proper venues; when the insurer is a defendant, the suit may also be filed at the plaintiff's domicile.
[2] He was a building contractor engaged in moving the buildings under contract with the codefendant Lowther. Under the contract, Lowther retained certain construction functions. The plaintiff was injured in the performance of work in connection with the moving and reconstruction of these buildings.
[3] The Avoyelles District Court had jurisdiction of the subject matter, since it has jurisdiction over workmen's compensation suits. LSA-CCP Art. 4. It had jurisdiction over the persons of the defendants, since valid service of process was had upon them. LSA-CCP Art. 6. With limited exceptions not here pertinent, see LSA-CCP Art. 44, "any [other] objection to venue * * * is waived by the failure of the defendant to plead the declinatory exception timely as provided in Article 928." LSA-CCP Art. 44.
[1] If an insurer or a governmental body is a defendant, then suit may also be filed at the plaintiff's domicile. LSA-R.S. 23:1312, 1313.